## Kaufman *v.* National Lumber Insurance Company, Appellant.

*Appeals—Assignments of error—Failure to answer point—Certificate of trial judge.*

1. Where an assignment of error complains that a point submitted was not answered, and the trial judge files a certificate that the point was actually affirmed by him, and this is not controverted by the appellant, the appellate court will not consider the assignment, if it finds that the point was substantially covered in the general charge.

*Evidence—Photograph—Inspection by jury—Locus in quo.*

2. The appellate court will not review the discretion of the trial judge in refusing to admit in evidence photographs of the locus in quo where the evidence was objected to on the ground that the pictures were taken without proper care by an inexperienced amateur photographer, and that, as the jury had personally visited the ground, the photographs were unnecessary for a proper understanding of the case.

*Appeals—Assignments of error—Evidence—Reference to page of paper-book.*

3. The appellate court will not consider an assignment of error relating to the admission or rejection of evidence, where the appellant has failed to give in the assignment a reference to the page of the paper-book where the matter may be found, in its regular order, as required by rule 31.

Argued March 13, 1911. Appeal, No. 53, Jan. T., 1911, by defendant, from judgment of C. P. Bradford Co., Sept. T., 1910, No. 117, on verdict for plaintiffs in case of M. Kaufman and C. Obenauer v. National Lumber Insurance Company. Before FELL, C. J., BROWN, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Assumpsit on a policy of fire insurance.

Verdict in favor of plaintiffs for $2,309.50.

FANNING, P. J., in refusing judgment for the defendant, non obstante veredicto, filed the following opinion:

Plaintiffs purchased a quantity of timber in Wysox

township of C. S. Jakway, and caused the same to be manufactured into lumber. Insurance . . . . was procured thereon January 5, 1910, in the National Lumber Insurance Company of Buffalo, N. Y., "for a period of three months from the 6th day of January, 1910, at noon to the 6th day of April at noon, to an amount not exceeding three thousand dollars upon the said plaintiff's stock of sawed lumber while piled in field on easterly side of road from Gillette bridge to Mercur on Jakway farm in Wysox Township, Bradford County, Pennsylvania," which said lumber consisting of hemlock, ash, birch, beech, basswood and maple and a small amount of chestnut aggregating 151,000 feet with a market value as claimed of $3,400, was on March 23, 1910, totally destroyed by fire. No question is raised as to notice, proofs of loss, or other preliminary requirements. The principal grounds of defense interposed are: First, that the lumber was not located easterly of the highway leading to Mercur on lands of C. S. Jakway, as set forth in the policy, and, second, that the same was piled in the woods and not in a field. There are two highways leading from Gillette bridge to Mercur, one passing by the Jakway farm buildings, through his improved lands and coming out at the four corners at Mercur where there is located a blacksmith shop, store, post office and dwellings; and the other, easterly of which the lumber was piled, also leading to Mercur, but intersecting the State road about one-half mile west of that place. The court could not hold as a matter of law to which road reference was made in the description, even though the first in some particulars seemed to answer more closely the requirements. It was urged that we were requested to charge that if Jakway owned no field on the road, on the east side of which this lumber was piled, the plaintiff could not recover. We understand this request to mean, and it was urged in the argument, that to meet the requirements of the description, the cleared field must come up to and be immediately adjacent to or abutting on the highway. We do not so understand the wording

of the policy. If there was a field easterly of the highway, answering the description even though not abutting, the requirement in that respect would be met. The question whether the highway easterly of which the lumber was piled accorded with the description and was the one designated in the policy was, we think, under all the evidence for the jury to determine. There was testimony that a portion of the lumber piles, varying from a few inches to about one-half of the space occupied by the lumber, projected over on lands of one Gorslina. With reference to this there was a conflict of testimony, and the question of the location of the lumber with reference to the line, if material, was for the jury. Relative to the reasons for a new trial, because of the exclusion of the defendant's offer to prove that lumber piled in the woods, brush or slashing would not have been insured or was a prohibited risk, would merit serious consideration, but for the fact that in the general charge, and in answer to defendant's points, the court unequivocally instructed the jury if the lumber was so located the plaintiff could not recover. The use of the general term "field" in the policy was indefinite. Numerous witnesses familiar with the situation described minutely the location of the lumber and character of the surroundings, and the jury were allowed the opportunity of determining this important question by personally viewing the locus in quo. Under the circumstances disclosed we do not feel justified in holding that the conclusion reached by the jury was not warranted by the evidence. The rule for judgment non obstante verdicto is discharged and rule for judgment on the verdict of the jury made absolute, and judgment is directed to be entered thereon.

*Errors assigned* were (1) refusal of binding instructions for defendant; (2) qualified answer to point of defendant in which it was left to the jury to determine "the nature of the 'field' contemplated by the parties considering the subject of the contract and in the light of all the surround-

ing circumstances and the sense in which that word is commonly used and understood;" (3) qualified answer to point of defendant as to location of field; (4) alleged failure to answer a point for charge submitted by the defendant, viz., "The burden is upon the plaintiffs in this case, to establish by the preponderance of testimony every ingredient necessary to entitle them to recover in this case, and if the plaintiffs fail to satisfy you by a preponderance of testimony, that the lumber destroyed was located in a field on the easterly side of the road leading from Gillette bridge to Mercur, on the lands of Jakway, and they were the unconditional sole owners of all the lumber claimed to have been burned, then and in that case, your verdict would be for the defendant;" (5, 6, 7) refusal of judgment n. o. v. for defendant, and entry of judgment for the plaintiff; (8, 9) particularly referred to in the opinion of the Supreme Court.

*Wm. Maxwell,* with him *Potter & Potter,* for appellant.

*Rodney A. Mercur,* with him *David E. Kaufman* and *Lilley & Wilson,* for appellees.

Opinion by Mr. Justice Moschzisker, May 17, 1911:

The opinion of the court below states the material facts in this case and adequately covers all of the questions raised by the first, second, third, fifth, sixth and seventh specifications of error; it is sufficient to say that we see no merit in any of these assignments; they are all overruled.

The fourth specification complains that the court below failed to answer one of the points for charge submitted by the defendant. Although the record does not contain any reply to the point in question, the trial judge has filed a certificate to the effect that the request was actually affirmed by him. The fact thus certified to is not combated by counsel for the appellant; they simply stand upon the record as sent to this court. It is not necessary to

consider this assignment further than to say that so far as the defendant was entitled to have the point answered it was substantially covered in the general charge. Under the circumstances the assignment will not be sustained.

The eighth specification calls attention to the refusal to admit in evidence certain photographs of the locus in quo offered by the defense. The offer was objected to on the ground that the pictures were taken by an inexperienced amateur photographer, that they were not taken with care, and further, that since the jurors had personally visited the ground and observed the conditions themselves, the photographs were unnecessary for a proper understanding of the case. This was a matter peculiarly for the trial judge to pass upon in the exercise of his discretion. The assignment is overruled.

The ninth specification goes to the refusal to admit certain evidence offered by the defense for the purpose of showing that the plaintiffs were not the "unconditional and sole owners of the property in dispute." The offer was objected to for several reasons, one of which was, "the defendant having based his defense specifically upon other grounds is estopped to set up the one claimed in the offer." This specification as printed in the paper-book is in violation of our rule 31, which provides, "When the error assigned is to the admission or rejection of evidence, the specification must quote the questions or offers, . . . . together with a reference to the page of the paper-book where the matter may be found in its regular order in the printed evidence or notes of trial. . . . Any assignment of error not according to this rule will be disregarded." The appellant fails to give a reference to the page where the matter may be found in the printed evidence. When it is considered that each justice of this court is obliged to examine about 400 sets of paper-books during the course of a court year, it will readily be seen that the rule is a highly necessary and important one which the profession must regard. This faulty specification will not be ruled upon, but in passing we

will say that we are not at all convinced that the trial judge fell into error in making the ruling complained of: Western & A. Pipe Lines v. Home Ins. Co., 145 Pa. 346.

In considering the various assignments we have not overlooked the terms of the policy, particularly the provision that the property insured was not to be located elsewhere than in the field referred to in the contract, and we have given consideration to the contention of the appellant that the lumber was not piled in a "field." But we are satisfied that the question of the situation, and whether or not the place could be properly termed a field, were both for the jury, and that they were correctly submitted.

The judgment of the court below is affirmed.