# Block and Block *v.* Philadelphia.

*Negligence—Municipalities—Obstruction in sidewalk—Evidence —Photographs—Admissibility.*

In an action to recover damages for personal injuries, caused by an obstruction in the sidewalk, an objection to the admission in evidence of a photograph of the obstruction is properly sustained, where there is no evidence as to when, by whom, or under what circumstances the photograph was taken.

When objects, the appearance of which is involved in the question to be determined by the jury, are not of a character subject to sudden change, such as hills and valleys, large growing trees, permanent buildings, the time when the photographs of such objects have been taken is not necessarily material. When, however, the question involved concerns the condition of a peculiar feature of the locus in quo which is subject to a sudden change, the time and under what circumstances the photograph is taken, necessarily becomes material.

Argued October 13, 1920. Appeals, Nos. 229 and 230, Oct. T., 1920, by plaintiffs, from judgment of Municipal Court of Philadelphia, Oct. T., 1919, No. 292, on verdict for defendant in the case of Yetta Block and Bernard Block v. City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BARTLETT, J.

246, (1921).]   Statement of Facts—Opinion of the Court.

The opinion of the Superior Court states the case.

The jury rendered a verdict for the defendant.   Plaintiffs appealed.

*Error assigned* was in excluding from the evidence the photograph offered by the plaintiff.

*Daniel G. Murphy,* of *Murphy & Levy,* for appellant.
—The court erred in refusing to admit in evidence the photograph of the obstruction: Carney v. Penna. R. R. Co., 63 Pa. Superior Ct. 138; Com. v. Swartz, 40 Pa. Superior Ct. 370.

*William M. Stewart, Jr.,* Assistant City Solicitor, and with him *Joseph J. Tunney,* Assistant City Solicitor, and *David J. Smyth,* City Solicitor, cited: Commonwealth v. Schwartz, 40 Pa. Superior Ct. 375; Caffrey v. P. & R. Ry. Co., 261 Pa. 251; Kaufman v. Nat. Lumber Ins. Co., 231 Pa. 642; Dillon v. Power Co., 162 Cal. 531; DeForge v. R. R., 178 Mass. 457; Everson v. Casualty Co., 208 Mass. 214; Prichard v. Austin, 69 N. H. 367; Ingebretsen v. R. R., 176 Iowa 74.

OPINION BY PORTER, J., March 5, 1921:

The plaintiffs are husband and wife and this action is brought by them to recover for personal injuries alleged to have been sustained by the wife. The amended statement of their claim averred that the municipal authorities had negligently permitted for a long time to remain in the sidewalk a dangerous obstruction, consisting of a piece of iron projecting about five inches above the level of the pavement, upon which plaintiff tripped and was thrown to the sidewalk and injured. The plaintiffs produced evidence tending to establish that the piece of iron in question was located in the sidewalk near the curb, that it had been the socket of a pole sustaining an awning, that the pole having become broken was removed and the iron socket, projecting about five inches above

the level of the sidewalk, was permitted to remain in that condition for several months, and that Mrs. Block while walking upon the sidewalk, about half past seven o'clock on the evening of September 23, 1919, tripped upon this obstruction and was thrown violently upon the sidewalk. The city produced witnesses who testified that the awning pole had at one time been broken, but that it had been repaired and at the time of the accident and for more than a year prior thereto the pole had been standing in good condition, inserted in the socket and extending up to and supporting the awning; that it remained in that condition for months after the time when the plaintiff alleged she was injured, or until January, 1920, when the awning was broken down by a heavy snow storm. There was no evidence tending to establish that the awning with the pole in good condition was an unlawful structure. The only ground upon which it was contended that the city was chargeable with negligence was that it had permitted the socket to remain projecting a short distance above the level of the sidewalk, without having inserted in it the pole extending up to the awning, which would have been notice to pedestrians of the existence of the obstruction. The trial resulted in a verdict and judgment in favor of the defendant and the plaintiffs have taken these separate appeals.

The only assignment of error refers to the refusal of the court to receive in evidence an alleged photograph of the sidewalk at the place of the accident, offered by the plaintiffs. The offer was objected to on the ground that there was no evidence as to who took the photograph, when it was taken or the circumstances under which it was taken. Mrs. Block testified that the photograph was a fair and truthful representation of the place as it was at the time when she fell and another witness testified to substantially the same effect. The plaintiffs made no attempt to show when or by whom the photograph was taken; for anything that appeared in evidence the picture might have been taken more than a

year before the accident happened; or it might have been taken months after the accident happened, when the awning was broken down by a heavy snow storm; at either of which times the representatives of the city admitted that for brief periods the socket did stand without the awning pole inserted. There was no question under the evidence that at some time the awning pole had been broken and the socket had stood in the sidewalk without the awning pole to give warning of its existence. Any photograph taken at that time would have shown that condition, but such a photograph, in the absence of any evidence as to the time when it was taken, could not reasonably be said to be evidence as to the conditions existing at the time the accident happened. When objects, the appearance of which is involved in the consideration of the question to be determined by the jury, are not of a character subject to sudden change, such as hills and valleys, large growing trees, and permanent buildings, the time when a photograph of such objects has been taken is not necessarily so material. When, however, the question involved concerns the condition of a peculiar feature of the locus in quo which is subject to sudden change, the time when a photograph is taken necessarily becomes material. The entire appearance of things, so far as the alleged defect in this sidewalk is concerned, could have been changed in a very short time, according to the evidence in this case, by the mere removal of the awning pole from the socket. The learned judge of the court below did not err in sustaining the objection to the admission of the photograph, in the absence of any evidence as to when, by whom, or the circumstances under which, it was taken: Kaufman v. National Lumber Ins. Co., 231 Pa. 646; Caffrey v. Phila. &. R. Ry. Co., 261 Pa. 251.

The judgment is affirmed.