# Carney *v.* Pennsylvania Railroad Company, Appellant.

*Evidence—Photographs—Identification of locality.*

Photographs are not of themselves substantive evidence and are not evidence per se.   They become admissible when they fairly and truthfully represent the object or place desired to be reproduced. Before they are permitted to be used in the trial there should be preliminary evidence by those possessing sufficient knowledge of the accuracy of the photograph, that it fairly and truthfully represents the place or object.

The mere fact that changes have been made which do not destroy the original identity of the place will not preclude the photograph from being admitted, but such changes must be fully explained to the jury.

*Negligence—Railroads—Passenger—Ejection from train — Evidence.*

In an action by a husband and wife against a railroad company to recover damages for the alleged wrongful ejection of the plaintiffs from a train with resulting injury to the wife from a fall, where plaintiffs testify that they offered to pay the conductor their fares, and that he refused to accept them it is reversible error to refuse to permit the brakeman acting as an assistant conductor, and who collected the fares in the car where the plaintiffs were passengers, to testify that no persons in the car in question had offered to pay fares as described by the plaintiffs.

In such a case it is also reversible error to refuse to permit a witness for the defendant to testify that she was present at the station where the plaintiffs were ejected, and that she observed the passengers getting off the train, and did not see any one fall.

Argued Nov. 29, 1915.   Appeal, No. 180, Oct. T., 1915, by defendant, from judgment of Municipal Court, Philadelphia Co., Oct. T., 1915, No. 738, on verdict for plaintiff in case of Peter Carney and Nellie B. Carney, his wife, v. The Pennsylvania Railroad Company.   Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ.   Reversed.

Trespass to recover damages for the wrongful ejection of the plaintiffs from a train with resulting in personal injuries to the wife.

The case was tried by KNOWLES, J., without a jury.

At the trial it appeared that the plaintiffs on August 3, 1913, bought excursion tickets from Philadelphia to Ocean Gate and return. On their return they boarded a train on which their tickets were not good. Plaintiffs testimony was that on being informed by the brakeman who was acting as assistant conductor in collecting fares, that the tickets were not good, offered to pay the full cash fare; that the offer was refused and that plaintiffs were forced to get off at Whitings Station, and that in descending from the car Mrs. Carney slipped and fell, and sprained her ankle. The defendant offered in evidence certain photographs of the station at Whitings, but produced no evidence as to the accuracy of the photographs. Under objection and exception the photographs were excluded. (1)

When William A. Emmons, the brakeman, was on the stand, he was asked this question:

"Q. Did any passenger on the train that day, who had an excursion ticket that was not good on that train, offer to pay you the full fare from Ocean Gate to Philadelphia if you would let him stay on the train and not put them out at Whitings Station?

"(Objected to by Mr. Barnes. Objection sustained. Exception for the defendant.)" (2)

Elmira Burt, a witness for defendant, testified that she was present at Whitings Station when the train arrived. She was asked this question:

"Q. As you stood there, what did you see?

"A. I saw a train stop and the people get off.

"Q. Did you have your attention fixed on the train all the time or somewhere else?

"A. No, sir; when the train stopped, my attention was there.

"Q. What did you see?

140 CARNEY *v*. PENNSYLVANIA R. R. CO., Appellant.

Statement of Facts—Opinion of the Court. [63 Pa. Superior Ct.

"A. I saw people get off.

"Q. Did you keep looking at them—how long did you keep looking at them?

"A. Until it started again.

"Q. Did you see anyone fall off the train? Fall after the train stopped?

"Objected to by Mr. Barnes. Objection sustained. Exception for defendant." (3)

The court found in favor of Peter Carney for $25.00 and for Nellie B. Carney for $350. Defendant appealed.

*Errors assigned* were (1-3) rulings on evidence quoting the bill of exceptions.

*Spencer Ervin*, with him *Sharswood Brinton*, for appellant.—The photographs were admissible: Beardslee v. Columbia Twp., 188 Pa. 496.

If the excluded evidence was material to the case, it was reversible error to exclude it: Hopkins v. Forsyth, 14 Pa. 34; Arthurs v. Hart, 17 Howard 30.

*H. Edgar Barnes*, for appellees.—The photographs were properly excluded: Beardslee v. Columbia Twp., 188 Pa. 496; Buck v. McKeesport, 223 Pa. 211; Conley v. Allegheny County Light Co., 63 Pitts. Leg. Journal 42; Hampton v. Norfolk, Etc., R. R. Co., 35 L. R. A. 808; Dobson v. Philadelphia, 7 Pa. Dist. Rep. 321; Bliss v. Johnson, 76 Cal. 597.

OPINION BY KEPHART, J., April 17, 1916:

The first assignment of error complains of the refusal to admit in evidence photographs of the place of the accident. Photographs are not of themselves substantive evidence and are not evidence per se. They become admissible when they fairly and truthfully represent the object or place desired to be reproduced. Before they are permitted to be used in the trial there should be preliminary evidence by those possessing sufficient knowl-

edge. of the accuracy of the photograph, that it fairly and truthfully represents the place or object. There should be substantial identity in the person, place or thing photographed and that which the jury are to consider in the case. The mere fact that changes have been made which do not destroy the original identity of the place will not preclude the photograph from being admitted, but such changes must be fully explained to the jury that they may have an accurate idea of the place or thing as it existed at the time when the cause of action they are passing on arose: Charles Beardslee, et al., v. Columbia Township, 188 Pa. 496; Buck v. McKeesport, 223 Pa. 211; 17 Cyc. 414. The defendant did not offer any evidence that. the photographs represented the conditions at the place of the accident. In fact, no evidence was offered that the photographs correctly represented anything. The photographer who took the picture was called and stated that he took the photograph and this was all the evidence as to the accuracy of the picture. It was not sufficient. Anyone who had knowledge that the photograph correctly represented, subject to certain explained changes, the conditions as they existed on the ground at the time of the accident, would have been competent to have properly authenticated the photographs: Commonwealth v. Schwartz, 40 Pa. Superior Ct. 370; Wallace v. Penna. Railroad Co., 222 Pa. 556. The first assignment of error is dismissed.

The plaintiffs testified that they occupied the rear coach and they had offered to pay to the conductor their fare; that this was refused and they were ejected from the train. The meat of the plaintiffs' entire case was in this unlawful ejection occasioned by the refusal to receive the fares offered. The defendant offered the testimony of the brakeman, who was acting as an assistant to the conductor in the collection of fares, and who did collect the fares and tickets in the car in which these plaintiffs were passengers. This testimony was to the effect that no persons in the car had offered to pay

fares as described by the plaintiffs. The court below refused to admit this evidence. The offer was comprehensive. It embraced every passenger in the car. It is not to be supposed that an employee handling a large number of persons would be able to remember the face of each passenger from whom he lifts a ticket or collects a fare; and it did not destroy or weaken the probative force of this evidence because he was not able to identify the plaintiffs. This testimony positively contradicted the statement of the plaintiffs and was most essential to the defendant's case. The circumstances narrated by the plaintiffs being out of the ordinary, the defendant's employee was more likely to become familiar with such an event and remember it because of this circumstance, while the faces might have been entirely forgotten. The learned court was in error in refusing to admit this evidence and this assignment is sustained.

The same reason may be given for the third assignment. The defendant produced a witness and offered to prove by her that she had seen no person fall after the train stopped. The question was broad enough to include all of the circumstances urged by the appellee. The woman was present at the station when the train arrived, and observed the passengers getting off the train. If she did not see anyone fall it was material that this evidence be admitted. Its value was for the jury. It was because of a fall from the train at this time that Mrs. Carney, one of the plaintiffs, claims she was injured. This assignment of error is sustained.

The judgment is reversed and a venire facias de novo awarded.