# Marcinkiewicz *v.* Kutawich, Appellant.

*Assault and battery—Civil action for damages—Photographs— Verification of—Evidence—Admissibility of testimony in previous criminal prosecution—Act of May 23, 1887, P. L. 160.*

In an action to recover damages for personal injuries, resulting from an assault and battery, photographs of plaintiff's face and leg were properly admitted in evidence, where plaintiff testified that the photographs were taken two days after the assault and showed the condition of his face and leg at that time.

Photographs may be verified, either by the testimony of the person who took them, or by the testimony of others who are able to state that the objects sought to be shown are fairly represented thereby.

The question of a sufficiency of the preliminary proofs, to identify a photograph and show that it is a fair representation of the objects which it purports to portray, is one committed to the discretion of the trial judge.

Evidence given on a former trial of the same action, or a former action involving the same issues between the same parties, is admissible, if it be established that the witness is dead or cannot be found and that the person, against whom evidence is to be given, had the opportunity to cross examine. Identity of subject matter, in whole or in part, and identity of parties in interest must unite to render a deposition in one case admissible in another.

A criminal proceeding is not in any sense an action between the person instituting it and the prisoner, and the testimony given in such a proceeding is not admissible in a subsequent civil suit between the party instituting the criminal proceeding and the defendant therein:

Buck v. McKeesport, 223 Pa. 211, distinguished.

Argued December 14, 1925. Appeal No. 349, October T., 1925, by defendant, from judgment of C. P. No. 1, Philadelphia County, June T., 1924, No. 9727, in the case of Anthony Marcinkiewicz v. John Kutawich. Before Orlady, P. J., Porter, Henderson, Trexler, Keller, Linn and Gawthrop, JJ. Affirmed.

Trespass to recover damages for an assault and battery. Before Bartlett, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $500 and judgment thereon. Defendant appealed.

*Errors assigned* were the various rulings on evidence.

*Edward E. Dicker* for appellant.—The photographs were improperly admitted in evidence: Buck v. McKeesport, 223 Pa. 211, 217; Caffrey, et ux., v. Phila. & R. Ry. Co., 261 Pa. 251, 255; Block and Block v. Phila., 76 Superior Ct. 246, 248.

*Henry Arronson* for appellee.—There was a sufficient foundation for the admission of the photographs in evidence: Henry, Pa. Trial Evidence Sec. 225, page 206; Carney v. Pa. R. R. Co., 63 Pa. Superior Ct. 138; Com. v. Swartz, 40 Pa. Superior Ct. 370; Com. v. Keller, 191 Pa. 122; Thompson v. DeLong, 267 Pa. 212.

Opinion by Gawthrop, J., February 26, 1926:

Defendant appeals from a judgment recovered against him in a suit for damages resulting from an

assault and battery which he committed on plaintiff.

The subject of the first assignment of error is the admission in evidence of two photographs showing the condition of plaintiff's face and leg two days after the assault. The complaint is that the photographs were not properly authenticated because the photographer who took them was not called to prove their accuracy and it did not appear that there was any reason for not calling him. The complaint seems to be based upon certain expressions in the opinion in Buck v. McKeesport, 223 Pa. 211, 217, which counsel for appellant interpret as deciding that when the person who took the pictures is not called there should be some explanation of why he was not called, and that in the absence of such explanation the photographs are not admissible in evidence. That is not the effect of the Buck case. In that case, as in this, the appellee herself undertook to authenticate photographs, and the Supreme Court decided that they were not admissible in evidence because they were taken at a time when the conditions were substantially different from those which the photographs were intended to represent. It is well settled in this state that photographs may be verified either by the testimony of the person who took them or by the testimony of others who are able to state that the objects sought to be shown are fairly represented thereby. See Thompson v. Delong, 267 Pa. 212, 218; Carney v. Pa. R. R. Co., 63 Pa. Superior Ct. 138. For reasons for the rule see 10 Ruling Case Law, p. 1159, and 2 Wigmore on Evidence, 2d Ed. par. 793. The question of the sufficiency of the preliminary proofs to identify a photograph and show that it is a fair representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge: Caffery v. P. & R. Ry. Co., 261 Pa. 251. Plaintiff testified that the photographs admitted in evidence showed the condition of his face and leg two days after

they were injured. There is no suggestion from defendant that they were inaccurate. It was not error to admit them in evidence.

Prior to the institution of this suit plaintiff instituted a prosecution against this defendant for the assault and battery on which this suit is based. The verdict was "not guilty." At the trial of the present suit defendant offered in evidence the official notes of the testimony of a witness who had testified for him in the criminal case, the ground for the offer being that the witness could not be found. An objection to the offer was sustained and the ruling is the subject of the second assignment of error. Our Act of May 23, 1887, P. L. 160, provides for the admission in evidence, in any civil proceeding, of the properly proven notes of the examination of a witness at a former trial, if he cannot be found and the party against whom the notes of testimony of such witness are offered had an opportunity to be present and examine or cross-examine the witness, provided the issue in the second suit is between the same parties and involves the same subject matter as that upon which the witness was so examined. The act contains a similar provision for the offer of notes of the examination of a witness upon subsequent trials of the same criminal issue. It will be observed that the act merely secured admissibility in certain instances and does not cover instances in which, as in the present case, the attempt is to offer in a civil suit the notes of testimony of a witness examined in a criminal case involving the same transaction. The general rule stated by text book writers is that evidence given on a former trial of the same action, or a former action involving the same issues between the same parties, is admissible, if it be established that the witness is dead or cannot be found and that the person against whom evidence is to be given had the right and opportunity to cross-examine. Iden-

tity of subject matter, in whole or in part, and identity of parties in interest must unite, to render a deposition in one case admissible in another. This is the doctrine of our cases: Fearn v. Ferry Co., 143 Pa. 122, 127. In Harger v. Thomas, 44 Pa. 128, the action was on a note alleged to have been made by Thomas. The defendant offered in evidence an exemplification of the record of the prosecution and conviction of Harger for the forgery of the same note for the purpose of laying a foundation for introducing the testimony of witnesses who testified for the Commonwealth in that trial and had since died. The admission of this evidence was assigned for error in the plaintiff's appeal and in reversing, the Supreme Court said: "A criminal prosecution, although instituted by an individual, is not in any sense an action between the person instituting it and the prisoner. It is not an action at all...... The issue (in a criminal prosecution) is between the government and the prisoner on a question of the guilt or innocence of the later. It is not a question of property. Very different is the issue, as also the parties, in a civil suit to recover on the forged instrument. There the defendant is clear of the obligation, let the forgery be by whom it may, and the guilt or innocence of the plaintiff is not necessarily involved. If Harger had been acquitted on the trial of the indictment in Washington County, it would hardly have entered into the imagination of anyone that the record would have been evidence in the case between him and the defendants, or that the testimony of deceased witnesses, examined then in his favor, would have been evidence in this case. And why? Simply because Thomas was no party to the record, and the issue was not between them." It was held that it was error to admit the testimony of the deceased and absent witnesses. We have quoted at length from Harger v. Thomas because it is decisive of the question under consideration. We note that the

rule declared in Harger v. Thomas was followed by the Supreme Court of Illinois in McIntnoff v. Insurance Co. of N. A., 248 Ill. 92, 93 N. E. 369, and is in harmony with the following statement of the law in 10 Ruling Case Law, p. 970: "A criminal proceeding is not in any sense an action between the person instituting it and the prisoner, and the testimony given in such a proceeding is not admissible in a subsequent civil suit between the party instituting the criminal proceeding and the defendant therein." The learned trial judge was right in sustaining the objection to the offer.

The assignments of error are overruled and the judgment is affirmed.