Timlin v. Scranton, Appellant, et al. (No. 1).

504 

Argued March 4, 1940. 

 Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, RHODES and HIRT, JJ. 

*Jerome K. Barrett,* Assistant City Solicitor, with him *Jerome I. Myers,* City Solicitor, for appellant.

*Paul A. McGlone,* with him *Frank J. McDonnell,* for appellees.

OPINION BY BALDRIGE, J., April 10, 1940:

This appeal is from a judgment obtained by plaintiff in an action of trespass. On May 21, 1937, at 6:30 P. M., the plaintiff, when walking on a sidewalk, constructed of flagstones, in front of the premises at 631 Adams Avenue in the City of Scranton, fell and was injured. She testified that to avoid some children on roller skates who were coming rapidly toward her she turned to the right and stepped into a hole that was about three inches deep, twelve inches wide, and twenty-four to twenty-seven inches long and that the flagstone next to the hole was raised above the depression. She explained that she did not see the hole as her attention was diverted by the approaching children.

The city of Scranton brought in as sci. fa. defendants the property owners, Morris Iglewis and Rose Iglewis, his wife, in front of whose premises the accident occurred. The jury found a verdict in favor of the plaintiff and against the city in the sum of $2,500 and in favor of the city and against the additional defendants in the sum of $500. The court subsequently, upon motion of the sci. fa. defendants, struck off the sci. fa. and the verdict of $500 against them on the grounds that the sci. fa. was not issued within sixty days from the service on the original defendant of the plaintiff's statement of claim, as is required by Rule 242-B of the Court of Common Pleas of Lackawanna County.

The city took two appeals. The one under consideration relates to the judgment against it in the sum of $2,500. The striking off of the sci. fa. and the $500 verdict is the subject of the second appeal in which an

opinion has been filed this day. See *Timlin v. Scranton, Appellant, et al. (No. 2)*, 139 Pa. Superior Ct. 508, 12 A. 2d 501. We need not discuss here the alleged inconsistency of the verdict as that matter is considered there.

When the case came on for trial the property owners did not appear in court. Before the jury was called the defendant city moved that the prothonotary be directed to "designate some person, especially a Clerk from his office, to act in the capacity as Representative of the Sci. Fa. Defendants for the purpose of challenging jurors and all other legal purposes." The appellant complains that the court's action in denying the motion deprived the defendants of making eight peremptory challenges, four for each class.

Section I of the Act of March 29, 1860, P. L. 344 (17 PS 1171) provides that where the defendants in an action have antagonistic interests between themselves, as here, *each class* of such defendants is entitled to four peremptory challenges. See *Shaw v. Megargee*, 307 Pa. 447, 161 A. 546. The interests of the city, and those of the property owners were antagonistic. Each was entitled, therefore, to four peremptory challenges. If one class of defendants fails to exercise the right of challenge the other adverse class may not have the benefit thereof. That would result in giving a defendant more challenges than is clearly and definitely provided by law. We have held in the other appeal of the city that there was but one defendant properly on the record. There can be no doubt that the city was afforded the right to make all the challenges to which it was entitled. Moreover, it made no objection, at the trial, to the jury nor does it appear of record that the city was prejudiced in any way by the method the jury was selected. The appellant cannot now justly complain that it was treated unfairly by the court's action.

The city also contends that the admission of a photograph of the scene of the accident, which was taken March 18, 1938, about ten months after the plaintiff had sustained her injuries, was error. The plaintiff, upon

being shown the photograph, testified that it represented the conditions as they were at the time of her injuries. Two other witnesses corroborated her.

There is no more reason to exclude a pictorial expression of conditions than an oral description thereof. Of course, photographs must be verified, either by the testimony of the person who took them or by others with sufficient knowledge to state that they fairly and truthfully represent the object or place reproduced: *Marcinkiewicz v. Kutawich,* 87 Pa. Superior Ct. 260, 262; *Carney v. Pennsylvania Railroad Company,* 63 Pa. Superior Ct. 138, 140. This test was met.

The appellant argues, also, that there was not sufficient proof of a constructive notice to convict it of negligence. Before the city could be charged with constructive notice of the defect in a sidewalk the dangerous situation must have been apparent upon a reasonable inspection and have existed for such a length of time that the city should have known thereof: *Good v. City of Philadelphia et al.,* 335 Pa. 13, 6 A. 2d 101; *Stolpe et al. v. Duquesne City,* 337 Pa. 215, 9 A. 2d 427.

We said in *German v. McKeesport City,* 137 Pa. Superior Ct. 41, 8 A. 2d 437, that if the sidewalk defect is of a nature to require very close examination before its dangerous character appears, the municipality is not chargeable with constructive notice of it. In the case at bar, however, there was ample testimony to support the conclusion that this defect was readily observable, that it was seen by pedestrians, and that the sidewalk had been in that condition for upwards of two years. The court was duty bound, under the evidence, to leave the question of notice to the jury.

The appellant also argues that the court erred in not striking out the testimony of Joseph Neville, witness for the plaintiff, who was asked on cross-examination whether the plaintiff appeared "to be ill to you or did she appear as though she fell." The witness replied that when he got to the plaintiff, which was immediately after the accident, she told him that she had

fallen. We think her statement so soon after the occurrence was admissible as part of the res gestae. In any event, the answer did the city no harm as there can be no doubt under the proof that the plaintiff did fall.

The appellant also challenges the court's ruling that the plaintiff was not, as a matter of law, guilty of contributory negligence. Neither of the last two matters to which we have just referred are in the "Statement of Questions Involved," which limits the scope of the appeal: *Commonwealth v. Spillman et al.*, 74 Pa. Superior Ct. 192; *Lyon v. Pittsburgh A. & M. Tr. Co. et al.*, 312 Pa. 584, 169 A. 229. We have examined the merits, however, of these contentions and are not impressed thereby. We are convinced that the court could not have said under the evidence produced that the plaintiff was guilty of contributory negligence; that was a question of fact for the jury. See *Emmey v. Stanley Co. of Am.*, 139 Pa. Superior Ct. 69, 10 A. 2d 795. After a consideration of all the assignments we find none of them are sustainable.

Judgment is affirmed.