## Adamczuk et al., Appellants, *v.* Holloway et al.

Argued April 9, 1940. Before SCHAFFER, C. J., MAXEY, DREW, LINN, STERN, BARNES and PATTERSON, JJ.

*Robert S. Bachman,* for appellant.

*Wayne E. Barber,* of *Fox & Fox,* for appellees.

OPINION BY MR. JUSTICE MAXEY, May 6, 1940:

Plaintiffs brought an action in trespass against defendants for personal injuries and property damage arising out of a collision between a car owned and operated by plaintiff, Jack J. Adamczuk, and a car owned by defendant, Morris Cohen, and driven by defendant, Elmer Holloway. (A cross-action with the present defendants as plaintiffs and Jack J. Adamczuk as defendant resulted in a verdict for the latter.)

The accident took place at about 9:30 p. m. on January 31, 1938, in Warren County, New Jersey, where highway route 6, leading from Portland, Pennsylvania, to New York City, in a direction which is practically west to east, is crossed by the Bridgeville Road, leading from Blairstown to Phillipsburg, New Jersey, in a direction which is generally north and south. Adamczuk was driving southwardly on the Bridgeville Road and Holloway was driving eastwardly on route 6.

The jury returned a verdict for defendants. Plaintiffs' motion for a new trial was refused and these appeals followed.

The assignment of error which appellant stresses is based upon the refusal of the court to admit in evidence a certain photograph of the locus of the accident and the approach to it on highway route 6.

When plaintiff, Jack Adamczuk, was on the stand, he was shown "Exhibit No. 3" and he identified the roads and buildings appearing in the picture and stated, in answer to his counsel, that "the conditions represented by that picture truly represent the conditions of the crossing at the time of this accident except for the fact of daylight or dark." Then the exhibit was offered in evidence. On cross-examination it was disclosed that the witness did not know who took the picture or when it

was taken. He stated that when the picture was taken the location of the camera was on route 6 but he did not know at what distance from the intersection. He had no experience in photography. He said he did not know whether the photographer tilted the camera up or down when the picture was taken, and he did not know whether the photographer "endeavored to accentuate certain parts of the picture." The court then sustained the objection to the picture's introduction.

It was offered in evidence again when Herbert C. Dillard, Civil Engineer and County Surveyor, was on the stand. He was asked on cross-examination by defendant's counsel: "If you were taking a picture, and wanted to accentuate the curve of route six to the west, you could accomplish that by taking the picture farther away from the intersection, that is, farther to the east of the intersection, could you not?" He answered: "I think you could, yes." This witness was asked if he took photographs and developed them. He answered: "Very little."

At the close of plaintiff's case the picture was again offered in evidence and was objected to and the objection sustained, the court saying: "There is some mystery about exhibit number three, which is not clear to the court. There is no proof of who took it, or any identity as to the picture, other than the physical view thereon; it isn't shown where the camera was standing, under what conditions it was taken, and whether it was taken with a view to distorting it or not." The court then commented on the fact that plaintiff had two days "since adjournment last Friday, to procure the original taker of this photograph and thus establish it in the legal way with the right of cross-examination to defendants' counsel of the photographer."

The rule is well settled that a photograph may be put in evidence if relevant to the issue and if verified. It does not have to be verified by the taker. See *Wallace v. R. R. Co.*, 222 Pa. 556, 71 A. 1086, and *Com. v. Swartz*,

40 Pa. Superior Ct. 370. Its verification depends on the competency of the verifying witness and as to that the trial judge must in the first instance decide, subject to reversal for substantial error.

Wigmore on Evidence (2d ed.), Vol 2, sec. 792, p. 97, says: "The objection that a photograph *may* be so made as to *misrepresent the object* is genuinely directed against its testimonial soundness; but it is of no validity. It is true that a photograph can be deliberately so taken as to convey the most false impression of the object. But so also can any witness lie in his words. A photograph can falsify just as much and no more than the human being who takes it or verifies it. The fallacy of the objection occurs in assuming that the photograph can come in testimonially without a competent person's oath to support it. If a qualified observer is found to say, 'This photograph represents the fact as I saw it,' there is no more reason to exclude it than if he had said, 'The following words represent the fact as I saw it,' which is always in effect the tenor of a witness's oath. If no witness has thus attached his credit to the photograph, then it should not come in at all, any more than an anonymous letter should be received as testimony." Section 793: "The map or photograph must first, to be admissible, be *made a part of some qualified person's testimony.* Someone must stand forth as its testimonial sponsor; in other words, it *must be verified.* There is nothing anomalous or exceptional in this requirement of verification; it is simply the exaction of those testimonial qualities which are required equally of all witnesses; the application merely takes a different form." In other words, if a witness is familiar with the scene photographed and is competent to testify that the photograph correctly represents it, it should, if relevant, be admitted.

But there is also a rule giving the trial judge discretion to reject a picture on the ground that the evidence is cumulative or that the photograph is unnecessary. In

*Kaufman v. Nat. Lumber Ins. Co.,* 231 Pa. 642, 81 A. 53, there was an assignment of error based on the action of the court below in sustaining the objection to the admission of certain photographs of the locus in quo. The photographs were objected to on the ground that they were taken by an inexperienced amateur photographer, that they were not taken with care and that, as the jury had personally visited the ground, the photographs were unnecessary for a proper understanding of the case. This court, in overruling that assignment of error, said: "This was a matter peculiarly for the trial judge to pass upon in the exercise of his discretion." In *Marcinkiewicz v. Kutawich,* 87 Pa. Superior Ct. 260, that court said: "The question of the sufficiency of the preliminary proofs to identify a photograph and show that it is a fair representation of the objects which it purports to portray, is a question committed to the discretion of the trial judge."

While the court might well have admitted the challenged photograph in evidence and have warned the jury of a photograph's deceptive possibilities, we do not find that its exclusion under the facts of this case amounted to reversible error, for, as the court below pointed out, "the jury had the benefit of several other photographs showing the intersection and the roads for some distance on which the plaintiffs and the defendant Holloway were driving, and, in addition to that, had the lengthy testimony of County Engineer Dillard." This engineer testified about the 2½% grade on the Bridgeville Road as it approached the intersection, as to the objects that would obstruct the vision of persons approaching the intersection, and he described the curvature on Route 6 near the intersection. The jury had all the testimony they needed as to the crossroads and as to the road's curvature.

Appellants contend that the admission of this photograph was of importance because it would show that at the intersection a person could see to the west, if he held

his head at a 45 degree angle, only a distance of about 200 feet. The engineer testified that a person at the intersection had a clear, unobstructed view to the west of 793 feet. Jack Adamczuk, in explaining why he did not see the car coming from the west, said that he had his head turned at a 45 degree angle. Appellees contend that this excuse is of no avail to him and that had be held his head in a normal position he would have had an unobstructed view to the west of nearly 800 feet. The assignment of error based on the exclusion of the photograph is overruled.

The assignments of error based on the court's limitation of the cross-examination of defendant Holloway, are also overruled. We find the court's discretion in limiting cross-examination was not abused.

The judgment is affirmed.