Commonwealth *v.* White, Appellant.

Argued October 7, 1946. Before BALDRIGE, P. J., RENO, DITHRICH, ROSS and ARNOLD, JJ. (RHODES and HIRT, JJ., absent).

*Louis F. McCabe,* with him *Saul C. Waldbaum,* for appellant.

*James W. Tracey, Jr.,* Assistant District Attorney, with him, *John H. Maurer,* District Attorney, for appellee.

OPINION BY DITHRICH, J., April 16, 1947:

Appellant was tried, convicted, and sentenced on a charge of assault and battery. From the refusal of his motion for a new trial, he has brought this appeal.

His arrest on February 28, 1946, grew out of an alleged disturbance by certain employees of the Philadelphia plant of the General Electric Company who were then on strike. Defendant, an international organizer for the United Electrical, Radio and Machine Workers of America, with others had been ordered to move away from the vicinity of the plant. After defendant had started to move away, he is alleged to have made an insulting remark to two detectives who had ordered him to move on, and they thereupon started after him. They ran after him to 65th Street and Saybrook Avenue, where he was apprehended by George Weiss, the policeman whom he is charged with assaulting by bringing his knee up against the officer's thigh.

Weiss testified that he held the defendant until the arrival of the two detectives; that defendant was then

taken to the police station at 65th Street and Woodland Avenue, Lieutenant of Detectives Frank A. Mays having hold of his left arm and Weiss his right arm; and that they ". . . continued walking that way all the way to the station house. . . . All the way to the sergeant's desk."

When confronted with a photograph showing the defendant in the sole custody of Lieutenant Mays, Weiss testified that the photograph was not taken when the prisoner was being led into the station house but after he had been placed in a cell and was being taken from the cell to the second floor for questioning.

Defendant testified that the photograph was taken as he was being led into the police station and, in substantiation of his statement, pointed out that the photograph showed him wearing a necktie and that, therefore, it could not have been taken after he had been placed in the cell as he had taken off his tie by order of the turnkey before he entered the cell.

To rebut the testimony of defendant as to when the photograph was taken, the Commonwealth called several witnesses, including Lieutenant Mays who testified that although he didn't hear any one order White to take off his tie, it was ". . . general orders given to a turnkey who is in charge of a prisoner in custody. . . . THE COURT: Is that so they won't hang themselves; is that the idea? THE WITNESS: Yes, sometimes take their belts off. BY THE COURT: Q. I suppose they didn't think it likely that Mr. White would hang himself." Passing by the question of the propriety of the court's observation, it was entirely beside the point since the removal of neckties was a matter of routine as testified by Lieutenant Mays; and defendant was entitled to have the jury so consider it without regard to whether he would have "hanged" himself had his not been removed.

The photograph was used freely by both sides; but when it was offered in evidence by defendant, it was objected to by the Commonwealth on the sole ground

that there was no proof as to who took it and the objection was sustained. In our opinion, this was prejudicial error. The photograph went very strongly to the credibility of the police officer who is alleged to have been assaulted by defendant. The latter testified that Weiss had nothing to do with placing him under arrest, that he had no recollection of ever seeing him before the trial, and that he certainly did not have hold of him when he was taken into the police station. He further testified that when taken to the second floor of the police station for questioning, he was told that he was charged with riot and that he ". . . wasn't charged with assault on an officer originally; . . ."

Police Sergeant Martine, another witness called in rebuttal by the Commonwealth, testified that Officer Weiss was on Saybrook Avenue and that "He didn't walk to the police station with Franchetti and Mays. . . ." Franchetti was the other detective in the case, and Martine corroborated the testimony of appellant that it was the two detectives who led him to the police station and not Weiss and the lieutenant of detectives.

That a photograph may be proven without calling the person who took it is a well established principle of law. See *Marcinkiewicz v. Kutawich,* 87 Pa. Superior Ct. 260; *Timlin v. Scranton,* 139 Pa. Superior Ct. 503, 12 A. 2d 502; *Adamczuk et al. v. Holloway et al.,* 338 Pa. 263, 13 A. 2d 2; Wigmore on Evidence, 3rd Ed., §§ 793-794; 10 Ruling Case Law § 360.

We are not unmindful of the equally well established rule that trial courts have large discretion in determining the admissibility of photographs: *West v. Morgan et al.,* 345 Pa. 61, 63, 27 A. 2d 46, 47; *Trexler Lumber Co. v. Allemannia Fire Insurance Co.,* 289 Pa. 13, 19, 136 A. 856, 858, 859; *Lutz v. Allegheny County,* 327 Pa. 587, 590, 195 A. 1, 2.

But where the photograph is of vital importance to defendant's case, in view of its direct bearing on the credibility of the principal witness against him, as in

the instant case, we have no alternative but to hold that the learned judge of the court below abused his discretion when he excluded the photograph on the sole ground, so far as appears from the record before us, that "There is no proof at all as to who took it." Proper groundwork having been laid for the introduction of the photograph into evidence by proving that it was taken in the police station, that it showed the defendant in the custody of the arresting officer immediately following his arrest and had such a direct bearing on the credibility of the chief complaining witness against defendant, the question of "who took it" was immaterial and not proper ground for excluding it.

The third and eighth assignments of error are sustained. The judgment is reversed and a new trial awarded.