Semet, Appellant, *v.* Andorra Nurseries, Inc.

Argued January 6, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Daniel B. Brandschain,* with him *Miller, Harwitz & Brandschain,* for appellant.

*James G. Hirsh,* with him *Harold W. Spencer,* and *Wright, Spencer, Manning & Sagendorph,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 19, 1966:

This is an appeal from the Order of the Court of Common Pleas of Montgomery County refusing to take off a judgment of nonsuit in a trespass case.

Plaintiff, Robert Semet, filed a complaint in trespass against defendants Andorra Nurseries, Inc., David Warren Construction Co. and Harry Kravitz.

On May 22, 1962, plaintiff was sent by his employer Milton Sugerman (an electric contractor) to a construction site owned by defendant, Andorra Nurseries, Inc. Plaintiff was to string a temporary line from an electric service box in the basement of a sample home to the chimney of the sample home and then to poles for the purpose of carrying electric current to the job site. Plaintiff instructed an employee of Andorra Nurseries to place an aluminum 34-foot extension ladder against the left side of the chimney of the sample home. This employee went to the top of the ladder and came down without any unusual incident occurring. Plaintiff made certain that the ladder was straight and settled. He then climbed to the top of the ladder and took some wire off his shoulder. While on the upper portion of the ladder it began to slip downward, and telescoping into the lower portion, as a result of which plaintiff fell and was severely injured. The lower Court entered a compulsory nonsuit which the Court en banc refused to take off. Plaintiff thereafter appealed to this Court.

Plaintiff's principal contentions are (1) the jury should have been permitted to decide whether a broken locking device on the ladder existed prior to the accident, and (2) the Court improperly excluded the testimony of plaintiff's expert witness.

In *Calloway v. Greenawalt,* 418 Pa. 349, 211 A. 2d 435, the Court said (page 351) : "In Steiner v. Pittsburgh Rwys. Co., 415 Pa. 549, 204 A. 2d 254, the Court, quoting from Flagiello v. Crilly, 409 Pa. 389, 390-391, 187 A. 2d 289, said (pages 552-553) : '. . . "It is hornbook law that a judgment of nonsuit can be entered only in clear cases and plaintiff must be given the benefit of all evidence favorable to him, together with all reasonable inferences of fact arising therefrom, and any conflict in the evidence must be resolved in his favor: Castelli v. Pittsburgh Railways Company, 402

Pa. 135, 165 A. 2d 632; Stimac v. Barkey, 405 Pa. 253, 174 A. 2d 868; Borzik v. Miller, 399 Pa. 293, 159 A. 2d 741." ' "

The lower Court correctly excluded plaintiff's testimony regarding the condition of the locking device *after* the accident. *Plaintiff did not see this device.* On direct examination he testified as follows: "A. Well, I got up and walked over and looked at the ladder, and I noticed one catch was broke, and then I—I looked— . . . Q. Would you explain to the jury exactly what you mean by a broken hook, and where it was? A. I don't remember now whether it was right-hand side or left-hand side, but it looked like it was snapped off, a piece broken off the—the hook was like that (indicating). There is a piece broken off the end of it. Q. *Did you see the broken piece?* A. *No, I did not notice it.* Q. Rather the piece that had come off, you didn't see that? A. No, I did not." Any inference derived from such testimony would be mere conjecture or guess.

Fifty-two days after this accident Martin Alkon, a registered Engineer, went to the scene and examined a ladder to which he had been directed by *unnamed* employees of defendant Andorra Nurseries, Inc. Photographs were taken of this ladder. Plaintiff offered Alkon's testimony and the photographs for the purposes of explaining the mechanical function of the ladder and the reasons for the ladder's collapse. The lower Court properly held that this testimony and the accompanying photographs were inadmissible. There was no legally admissible testimony that the ladder examined by Alkon and the ladder photographed was the ladder from which plaintiff fell. Moreover, even if this were proven to be the same ladder, the proffered evidence would still be inadmissible. Fifty-two days passed

---

* Italics throughout, ours.

before the ladder was examined. There was no testimony that the condition of the ladder had not changed from the time of the accident. In *Brandon v. Peoples Natural Gas Co.*, 417 Pa. 128, 207 A. 2d 843, the Court said (at pages 133-134) : ". . . 'Whenever the condition of a particular place or thing at a certain time is in question, evidence of its condition at a prior or subsequent time is admissible if accompanied by proof that it has not changed in the meanwhile.' "

Plaintiff attempted to have the photograph admitted into evidence on the ground that it was authenticated by him. Plaintiff was not present when the photograph was taken. A photograph may be proven at the trial of a case without calling the person who took it. *Commonwealth v. White*, 160 Pa. Superior Ct. 522, 52 A. 2d 360 (1947). Nevertheless, the photograph must be shown to be a faithful and accurate reproduction of the object in question. *Puskarich v. Trustees of Zembo Temple*, 412 Pa. 313, 194 A. 2d 208. There is nothing in the record which indicates plaintiff had the kind of familiarity with the ladder in question which would enable him to examine a picture of a common two-part metal ladder and verify it as a faithful and accurate reproduction of the ladder which caused his injuries. Plaintiff was injured on or prior to May 22, 1962. The time of his injury was the only instance he saw the ladder. His recollection of the ladder at the time of the trial, over three years from the time of the accident, was extremely dim. We therefore must conclude that plaintiff's vague knowledge and recollection makes it impossible for him to establish that the photographs offered in evidence by him accurately depicted the ladder from which he fell.

In *Puskarich v. Trustees of Zembo Temple*, 412 Pa., supra, the Court said (at page 317) quoting from *Nyce v. Muffley*, 384 Pa. 107, 119 A. 2d 530 (1956) : " 'The admission of photographs is a matter largely within

the discretion of the trial Judge. A photograph must be verified either by the testimony of the person who took it or by another person with sufficient knowledge to state that it fairly and accurately represents the object or place reproduced as it existed at the time of the accident, or if there is a difference or change, the difference or change is specifically pointed out and is readily capable of being clearly understood and appreciated by the jury: Taylor v. Modena Borough, 370 Pa. 100, 87 A. 2d 195; Beardslee v. Columbia Township, 188 Pa. 496, 41 A. 617.'" The lower Court correctly excluded this evidence.

The Order of the lower Court refusing to take off the nonsuit is affirmed.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice MUSMANNO dissents.