J-S31015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| BONNIE E. JOHNSON | : | |
| Appellant | : | No. 130 MDA 2020 |

Appeal from the Judgment of Sentence Entered December 6, 2019
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0004038-2018

BEFORE: BOWES, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 25, 2020**

Bonnie E. Johnson appeals from her judgment of sentence of one year of probation, $700 in restitution, and fines totaling $900, imposed after she was convicted of third-degree misdemeanor criminal mischief, harassment, and two counts of disorderly conduct. We affirm.

The charges herein stem from an altercation on April 19, 2018, between Appellant and Amber Faust at Arby's, their mutual place of employment. We glean the relevant facts in this case from the transcript of the one-day non-jury trial conducted on December 6, 2019. Ms. Faust, an assistant manager at the time, testified to the following. She assigned Appellant, a new hire, to work at the drive-through window. Appellant forgot to give someone food they had been ordered, and when Ms. Faust said something to her about it, Appellant began screaming. *See* N.T. Non-Jury Trial, 12/6/18, at 5. Appellant

approached Ms. Faust in a public area of the restaurant and continued to scream in her face. *Id*. at 6. At one point, Appellant put her hands on Ms. Faust's chest in an attempt to shove her, but two other managers separated them. *Id*. Appellant refused to leave the building when directed by Ms. Faust and two other managers.

Ms. Faust retreated to the back of the store to call her boss. As she was speaking to her boss on her cell phone, Appellant came up to her again and slapped her on the forehead with her palm, knocking Ms. Faust's cell phone to the floor. *Id*. at 7. As the two scuffled, Appellant stepped on the phone. *Id*. at 25. Then, Appellant threw a drink at Ms. Faust, drenching Ms. Faust and the cell phone in the process. Both the initial altercation in the front of the restaurant and its rekindling in the back kitchen area were captured on video surveillance cameras, and the videotape was played at trial.

Ms. Faust testified that, as a result of the incident, her phone was broken and inoperable. *Id*. at 17. Prior to the events described herein, her phone was in fine working order. She identified the cell phone as a Samsung Galaxy S7 Edge that she had purchased new for more than $700.

At trial, Ms. Faust was presented with three photographs that she testified were fair and accurate depictions of her damaged phone. *Id*. at 10. The Commonwealth moved for the admission of the photographs, and the defense objected that the Commonwealth's authentication was deficient. Counsel for Appellant argued that the photographs of the cell phone contained

- 2 -

no distinguishing markings, and further, there had not been any testimony establishing who took the photographs or when they were taken. *Id*. The prosecutor resumed questioning, and asked Ms. Faust to identify the hand in the photos. Ms. Faust testified that it was her hand, and pointed out the broken fake nail depicted. She explained that her nail was broken during the altercation, which was a day or two before she took the pictures. *Id*. She also testified that she took the photographs. Based on the foregoing testimony, the court admitted the photographs.

At the close of the one-day trial, the trial court found Appellant guilty of all charges, and sentenced her as aforesaid. Appellant filed a timely post-sentence motion, which was denied. Thereafter, she filed a timely appeal and complied with the trial court's Pa.R.A.P. 1925(b) order. The trial court issued its Rule 1925(a) opinion, and the matter is ripe for our review.

Appellant presents three issues for our review:

[1.] Whether the trial court erred by admitting photographs of a broken and cracked cellular phone without proper authentication.

[2.] Whether the Commonwealth presented sufficient evidence to identify Appellant as the perpetrator beyond a reasonable doubt.

[3.] Whether the trial court abused its discretion when it permitted a guilty verdict that was against the weight of the evidence.

Appellant's brief at 12.[1]

---

[1] Appellant did not identify her second issue in her Rule 1925(b) statement, and she does not argue it on appeal. We will address the sufficiency argument she actually presents, which was properly preserved.

Appellant contends that the trial court erred in admitting photographs of the broken cell phone that were not properly authenticated. We review the trial court's rulings on the admission of evidence for an abuse of discretion:

[T]he admissibility of evidence is a matter addressed to the sound discretion of the trial court and ... an appellate court may only reverse upon a showing that the trial court abused its discretion. An abuse of discretion is not a mere error in judgment but, rather, involves bias, ill will, partiality, prejudice, manifest unreasonableness, or misapplication of law.

*Commonwealth v. Cox*, 115 A.3d 333, 336 (Pa.Super. 2015) (*en banc*) (citations omitted).

In support of her argument that the trial court abused its discretion in admitting photographs of the cracked and broken cell phone that were not properly authenticated, Appellant points to the lack of timestamps on the photographs or any indicia of when they were taken, and the fact that the Commonwealth did not introduce the broken cell phone. She argues that Pa.R.E. 901(a), governing authentication, requires the proponent of evidence to produce evidence sufficient to support a finding that the item is what the proponent claims it is. In the case of demonstrative evidence, according to Appellant, the question is whether the demonstrative evidence fairly and accurately represents that which it represents. Appellant relies upon *Semet v. Andorra Nurseries, Inc.*, 219 A.2d 357, 360 (Pa. 1966), in support of her claim that a photograph "must be verified either by the testimony of the person who took it, or by another person with sufficient knowledge to state

that it fairly and accurately represents the object or place reproduced as it existed at the time of the accident."

Appellant argues that the Commonwealth did not supply such proof. She asserts that Ms. Faust originally testified that the pictures were taken "right after the incident," but later "changed her statement to say that the pictures were taken 'a day or two'" later. Appellant's brief at 24. Although Ms. Faust verified that the pictures were taken shortly after the incident because her broken nail was depicted in the photograph, Appellant points to a lack of evidence that Ms. Faust broke her nail during the incident, or any evidence as to when she fixed it. *Id*. Appellant posits that, assuming Ms. Faust's nail was broken during the incident, it may have remained that way for weeks, during which time she may have dropped her phone and cracked the screen. Finally, Appellant maintains that the Commonwealth never established that this was Ms. Faust's cell phone with receipts or bills from the carrier. Given the inconsistencies in Ms. Faust's testimony and the lack of proof that the photographs accurately depicted the cell phone's condition as a result of the altercation, Appellant contends that the trial court erred in admitting the photographs.

The Commonwealth counters that Ms. Faust's testimony satisfied Pa.R.E. 901(a). Ms. Faust testified that she took the photographs of her phone shortly after the incident, and that the condition of the phone depicted in the photographs was consistent with its condition after the altercation. According

to the Commonwealth, any alleged inconsistencies in Ms. Faust's testimony went to the weight of the evidence, not to its admissibility, and could be explored upon cross-examination.

The trial court concluded that the three photographs were properly authenticated. Ms. Faust testified that, prior to the altercation, her phone was in good condition and without cracks. *See* N.T. Trial, 12/6/19, at 8-9. She also testified that she personally took the pictures of her damaged phone within days of the incident. *Id*. at 10-11.

"To authenticate photographs, motion pictures, and video recordings, Pennsylvania courts have always and without exception held that the photograph or recording must be authenticated through testimony from a witness with personal knowledge who can testify that it "fairly and accurately represents that which it purports to depict." *Commonwealth v. McKellick*, 24 A.3d 982, 995 (Pa.Super. 2011) (citing *Serge*, *supra* at 1177). As we recently noted in *Commonwealth v. Danzey*, 210 A.3d 333, 337 (Pa.Super. 2019), under Rule 901(a) "[t]he proponent of the evidence must introduce sufficient evidence that the matter is what it purports to be," and testimony of a witness with such personal knowledge is sufficient.

Our review of the record confirms that Ms. Faust testified that she personally took the photographs of her damaged phone, and that the photographs fairly and accurately depicted the condition of the phone after the altercation with Appellant. She indicated further that the broken fake nail

shown in the photographs was suffered in the fray, and that she took the photographs one or two days after the nail was broken. Hence, the person who took the photographs testified that she took them within a day or two of the incident in which her cell phone was damaged, and that they fairly and accurately depicted the condition of her cell phone after the altercation. Such evidence was more than sufficient under Rule 901(a) and ***Danzey***, ***supra*** to authenticate the photographs. No relief is due.

Next Appellant claims that the evidence was insufficient to establish that she intentionally damaged the cellular phone, a necessary element of the crime of criminal mischief. When we review a sufficiency challenge,

> [t]he standard we apply . . . is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Edwards***, \_\_\_A.3d\_\_\_. 2020 PA Super 37 (Pa.Super. Feb. 12, 2020) (citation omitted).

The criminal mischief statute provides in pertinent part:

(a)     Offense defined. — A person is guilty of criminal mischief if he:

.  .  .  .

(5) intentionally damages real or personal property of another[.]

18 Pa.C.S. § 3304.  A person "acts intentionally with respect to a material element of an offense when . . . the element involves the nature of his conduct or a result thereof, [and] it is his conscious object to engage in conduct of that nature or to cause such a result."  18 Pa.C.S. § 302(b)(1)(i).

Appellant contends that there is no evidence that she intentionally damaged the cell phone to sustain the conviction for criminal mischief.  She maintains that the video shows only that she pushed Ms. Faust's head.  Furthermore, according to Appellant, Ms. Faust testified only that when Appellant struck her, the cell phone she was holding fell to the floor.  In short, she alleges that all of her conduct was directed at Ms. Faust, and there was no evidence that she intentionally damaged the cell phone.

As the trial court correctly noted, intent is subjective, and thus, incapable in many instances of direct proof.  Hence, it can be established by entirely circumstantial evidence.  *See* Trial Court Opinion, 2/10/20, at 5 (citing *Commonwealth v. Marrero*, 914 A.2d 870, 873 (Pa.Super. 2006)).  Intent "may be inferred from acts or conduct or from the attendant circumstances." *Id*. (citing *Commonwealth v. Holly*, 945 A.2d 241, 247 (Pa.Super. 2008)).

Appellant ignores evidence that she knocked the cell phone out of Ms. Faust's hand and sent it flying when she struck Ms. Faust on the face. In addition, she stepped on the cell phone as it lay on the floor. The trial court, sitting as the finder of fact, viewed Appellant's conduct as depicted on the video, which it found probative, and concluded that she committed the charged offense of criminal mischief. We have no basis to disturb that finding.

Finally, Appellant claims that her conviction of criminal mischief is against the weight of the evidence. Our standard of review of a weight of the evidence claim is well established:

> Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence. Because the trial judge has had the opportunity to hear and see the evidence presented, an appellate court will give the gravest consideration to the findings and reasons advanced by the trial judge when reviewing a trial court's determination that the verdict is against the weight of the evidence. One of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice.

*Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013).

Herein, the trial court was the factfinder. It expressly stated that it found Ms. Faust's testimony credible, that the Commonwealth was not required to introduce the actual broken phone, and that Ms. Faust's testimony about the value of her phone was sufficient to establish what it was worth. *See* Trial Court Opinion, 2/10/20, at 6. In the court's view, the verdict was

not against the weight of the evidence as "[t]here was nothing shocking here." *Id*. at 7.

The trial court identified and applied the proper legal standard in making that determination, and we defer to its judgment. Thus, Appellant's claim fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/25/2020