## Gyarmati v. Linde Air Products Co., Appellant.

Argued October 1, 1931. Before FRAZER, C. J., WALLING, SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Charles F. Patterson,* of *Patterson, Sherrard & Miller,* for appellant.

*William A. Challener,* with him *William A. Challener, Jr.,* for appellee.

PER CURIAM, November 23, 1931:

In this action to recover for injuries received by plaintiff, in an accident claimed to be due to negligence of defendant's employee, plaintiff was awarded a verdict by the jury, and defendant's motions for judgment n. o. v. and for a new trial were refused by the court in banc. Defendant appeals.

Defendant's driver in delivering a load of charged gas tanks, backed its truck into the foundry in which plaintiff was employed. The floor of the factory was the natural earth and on a gradual decline from the street level, the rear wheels of the truck, when brought to a stop, being twelve or fourteen inches lower than its front ones. Defendant's driver testified he used the hand brakes to make the truck secure when stopped and as an additional precaution placed a bar of steel weighing 20 pounds against one of the rear wheels. The tanks were unloaded by the driver and an assistant and piled three feet from the rear of the standing truck. Plaintiff

and another foundry employee were then detailed by their foreman to assist the truck driver and his helper to reload the truck with empty tanks. They were placing the last container on the machine when it moved backward, catching plaintiff between the truck's rear end and the pile of full tanks, crushing his foot and making necessary amputation of the injured part. The truck and contents, at the time of the accident, together weighed approximately ten tons, which weight, owing to the larger number of tanks loaded, was a ton and a half greater than the original load of full containers.

The driver of the truck testified the backward movement of the car was caused by one of the foundry employees kicking the 20-pound steel scotch from under the rear wheel. The employee who was said to have removed the block was not a witness and no other testimony was offered corroborating this statement. The truck was immediately moved forward by its driver, to release plaintiff, who was held between its rear end and the pile of full containers, stopping at approximately its original position of three feet from the unloaded full tanks, and held there by its brakes, without block or stay under the wheel, which circumstance plaintiff contends indicated that if the brakes had been set properly in the first instance, the accident would not have happened. It was testified the brakes were in good condition and capable of holding when properly applied.

In his review of the evidence, the trial judge correctly stated that if the jury found the driver did all that a reasonably prudent man should do under the circumstances to secure the truck from moving while being loaded, and it was through no fault of either the driver or his helper that the accident happened, there could be no recovery. Plaintiff did not become an employee of defendant, while temporarily assisting in loading the empty tanks and the question of the negligence of defendant's employees in the course of their employment was for the jury; that question, one of fact, was

fairly submitted by the trial judge. The jury found for plaintiff and there is ample evidence to justify the verdict.

The judgment of the court below is affirmed.