West *v.* Morgan et al., Appellants.

Argued May 27, 1942. Before SCHAFFER, C. J.;
MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*F. Brewster Wickersham,* of *Metzger & Wickersham,* for appellants.

*Solomon Hurwitz,* with him *Macey E. Klein* and *David S. Kohn,* for appellee.

OPINION BY MR. JUSTICE STERN, June 29, 1942:

At daybreak on a September morning, plaintiff, a laborer employed by the State Highway Department, was engaged with other workmen in tearing up street-car rails from the center of a 40-foot wide, concrete, east and west highway about three miles east of Harrisburg. A truck from which the men were working was parked in the middle of the highway facing west, with its headlights, tail light and three lights on top of the cab all burning. About 60 or 65 feet to the east of the truck a barricade was placed across the track with a lighted red lantern on each end. Some 60 or 70 feet still further east, extending over the north rail of the track, was a caution sign, attached to which were a flag and a red light. The road was dry and the visibility sufficient to enable these lights to be seen at a distance of at least 400 or 500 feet.

Defendants' trailer-truck came from the east, running at a rate of 35 to 40 miles per hour and straddling the south rail. The operator was drowsy and the relief operator asleep. Plaintiff, standing at the rear of the state-highway truck, saw the trailer-truck approaching without diminishing its speed. As it passed the caution sign he seized a lighted red lantern and waved it in front of the oncoming vehicle, his object being to prevent a collision with the standing truck which contained a large number of cylinders of compressed air and also tanks of acetylene gas highly inflammable and likely to explode if struck. Defendants' truck still kept on and, when it was within 75 feet of him, plaintiff, seeking to escape, ran toward the south curb; at the same time the truck, then nearing the barricade, suddenly veered to the southerly side of the highway,

struck plaintiff and inflicted upon him severe, permanent injuries.

The facts being as thus stated, the negligence of the operator of defendants' truck cannot be questioned, but, plaintiff having obtained a verdict, defendants moved for judgment n. o. v. on the ground of contributory negligence. The court properly refused the motion. Plaintiff was justified in seeking, as he did, to prevent a catastrophe which might have caused grave injuries to his fellow workmen. When, finally, he attempted to save his own life, he could not anticipate that the truck would turn to the south or wrong side of the highway; while, in view of what happened, he would have done better to run toward the north curb, he cannot be criticized even if the course he adopted be regarded as an error of judgment. A person is not responsible for an unwise choice of alternatives if quick decision is required to meet an emergency not created by any antecedent negligence of his own: *Mulheirn v. Brown,* 322 Pa. 171, 185 A. 304; *Maselli v. Stephens,* 331 Pa. 491, 200 A. 590. At best the question was for the jury, to whom the court submitted it.

Defendants also sought a new trial, and this, too, was properly refused. Complaint is made that the court admitted photographs of plaintiff at the hospital showing the apparatus which was attached to his body to pull the parts of his fractured leg into proper relative position. This apparatus, made up of wires, pulleys and weights, was orally described on the witness stand by the attending physician, but the photographs made the description more intelligible and they were not gruesome or calculated unduly to excite the sympathy of the jurors. The admission of photographs is a matter largely within the discretion of the trial judge: *Trexler Lumber Co. v. Allemannia Fire Insurance Co.,* 289 Pa. 13, 19, 136 A. 856, 858, 859; *Lutz v. Allegheny County,* 327 Pa. 587, 590, 195 A. 1, 2.

The court did not allow defendants, in order to challenge the amount of plaintiff's earnings, to put in evi-

dence a compensation agreement which he had signed. Apart from the objections which readily suggest themselves to the introduction of such an agreement, it is sufficient to say that there were placed in evidence the official payroll records of the Highway Department showing in detail plaintiff's earnings during the twelve weeks he was in the employ of the department; this was the best and, indeed, conclusive evidence on the subject.

The final reason urged by defendants for a new trial is the court's rejection of their offer to prove that, according to instructions of the State Highway Department to its employes as set forth in a so-called "Safety Manual," flagmen should be stationed at least 200 feet from the point where workmen are operating on a highway and a caution sign erected at least 500 feet from the place of such operation. In suits against an employer, brought either by an employe or by a third person, it may be proper in some cases to admit rules and regulations adopted by the employer for the conduct of the enterprise as furnishing some evidence of the employer's own belief, or constituting an implied admission, as to the standard of care required under the particular circumstances; there is no ground, however, for the admissibility of such evidence in actions by an employe against a third person. Moreover, it is clear in the present case that the failure to place the caution sign at a greater distance or to station a flagman did not contribute as a causal factor to the happening of the accident. The red lights on the sign, on the barricade, and on the highway truck were visible several hundred feet away and gave ample warning to an approaching vehicle of the necessity of caution and of slow approach. The operator of defendants' truck admitted that he did not see any of these lights, and it was this inattention on his part, resulting no doubt from his drowsiness, that was the sole cause of the accident.

Judgment affirmed.