Rader *v.* Williamson, Appellant.

Argued March 20, 1951. Before DREW, C. J., STERN, STEARNE, JONES, BELL, LADNER and CHIDSEY, JJ.

*Edwin M. Wallover,* with him *Buchanan, Wallover & Barrickman,* for appellant.

*Clyde Holt, Sr.,* with him *Holt, West & Holt,* for appellee.

OPINION BY MR. JUSTICE CHIDSEY, May 21, 1951:

Sherman Rader, appellee, instituted this action in trespass against John Williamson, appellant, to recover damages for injuries sustained when Williamson, owner and operator of a White wrecker truck, permitted it to drift backward into appellee, causing severe injury to his left leg. Rader had stepped several feet from the sidewalk into the street thinking he could secure a ride to his home with the operator of an approaching vehicle which he thought he recognized as that of a friend. A jury returned a verdict in favor of

appellee. Williamson filed motions for a new trial and for judgment *non obstante veredicto* contending, as he does in this appeal, that (1) appellee was barred from recovery by reason of having violated Section 1031 of the Act of 1929, P. L. 905 as amended, 75 PS §640,[1] relating to solicitation of rides on highways by pedestrians, and, (2) irrespective of the statute, appellee was contributorily negligent as a matter of law in stepping into the street soliciting a ride at a point other than at an intersection.

Sherman Rader shortly after midnight on January 28, 1949, was returning to his home in Industry Township, Beaver County, Pennsylvania, after having attended a trade union meeting in the Borough of New Brighton. He arrived at the motor bus terminal in the Borough of Beaver too late to effect a connection with a motor bus. He proceeded westwardly along Third Street in that Borough, hoping to overtake the bus as it returned to Third Street. He again failed to overtake the bus and crossed to the north side of Third Street and proceeded eastwardly beyond the intersection of Wilson Avenue and Third Street. At that time he observed a White wrecker attached to a tractor. The tractor was attached to one or more trailers moving westwardly along Third Street. The White truck became detached from the tractor and moved diagonally on Third Street to a point approximately 2 feet from the north side of Third Street.

---

[1] "Pedestrians Soliciting Rides

It shall be unlawful for any person to stand on the main traveled portion of any street or highway for the purpose of soliciting a ride from the driver of any vehicle. Penalty.—Any person violating any of the provisions of this section shall, upon summary conviction before a magistrate, be sentenced to pay a fine of two ($2) dollars and costs of prosecution, and, in default of the payment thereof, shall undergo imprisonment for not more than one (1) day."

Third Street in the Borough of Beaver is approximately 44 feet wide, the center area being concrete 30 feet in width. On either side thereof is a 7 foot strip of brick covered with a bituminous surface.

The White wrecker unit, owned and operated by John Williamson, appellant, came to a stop approximately 15 feet west of appellee. Rader stepped from the sidewalk into Third Street approximately 2 feet for the purpose of signalling a vehicle which he saw approaching, and which he believed to be operated by a friend, hoping thus to secure a ride to his home. Realizing that the automobile was not driven by a friend, he turned to his right to return to the curb when he was struck by the right rear of the wrecker as it either drifted or was backed slowly on the cartway. His left foot was pinned by the right rear wheel of the wrecker and his left leg was severely injured. No horn was sounded by appellant nor was any warning or indication given of an intention to permit the backward movement of the wrecker. Rader's testimony with regard to the movement of appellant's truck was corroborated by two disinterested witnesses.

Appellant's motion for a new trial was neither pressed nor argued before the court below and has been abandoned here. In view of his patent negligence in either permitting the truck to drift backwards without warning or without having done anything to apprise himself of the presence of any person or object which might be in the path of the truck, his failure to press his motion for a new trial is clearly understandable. Reliance is placed solely upon his contention that the court erred in not directing a verdict in his favor for the reason that Rader was guilty of contributory negligence as a matter of law.

The trial judge permitted the jury to determine whether Rader was upon the main traveled portion of the highway and stated that if he was and thus in viola-

tion of Section 1031 of the Act of 1929, supra, his failure to comply with this mandate is negligence. In that regard the trial judge after having reviewed the statute said: "That is the language of the Act, but what is the main traveled portion may vary under the circumstances, and we are leaving that to you about the possible negligence of the Plaintiff. If you find that the Plaintiff was guilty of contributory negligence which was one of the proximate causes of the injury, then he cannot recover." At the conclusion of the charge, the following point requested by appellant was read to the jury and affirmed: "I find that I failed to rule on the second point. It should have been ruled on when we were discussing contributory negligence. The second point is as follows: 'If the jury find from the evidence that the Plaintiff stood on the main traveled portion of Third Street for the purpose of soliciting a ride from the driver of any vehicle, he was guilty of an illegal or unlawful act and if he unnecessarily placed his body in a position of danger and thus contributed to the accident which caused the injury, he was guilty of contributory negligence, and cannot recover from the Defendant.' That is affirmed."

Appellant's initial contention is that this Court should hold as a matter of law that the 7 foot bituminous covered portion of the street was constituted "the main traveled portion" of the street within the meaning of Section 1031 and that appellee in stepping on to that portion of the street was guilty of negligence *per se*. In this regard the court below accurately summarized the testimony when it stated: "The particular facts of the case at bar must be examined. The cartway of Third Avenue in Beaver is 44 feet wide. In the center are three strips each ten feet wide. When these were improved by the state highway department the old brick pavement was taken up and new concrete installed. On either side of the thirty foot strip is a

seven foot strip of 'blacktop'. Here the bricks were not taken up, the blacktop was laid upon the bricks. According to the testimony of Lyle Kimball, Chief of Police of Beaver, the main flow of traffic is over the thirty foot concrete strip in the center. The two seven foot strips are used for parking. The street is crowned in the center and the gutters are included in the seven foot strips. Indeed water was running down the gutters when plaintiff was hurt." Clearly, in these circumstances, it cannot be said that there was error in permitting the jury to determine as a fact whether Rader was upon the main traveled portion of the highway. As the learned trial judge observed in his opinion, hitch-hiking, attempted sale of goods or tickets and solicitation to park have apparently been given different degrees of disfavor by the Legislature. The first may lawfully be done excepting on the main traveled part of the highway, the second anywhere except on the highway, the third anywhere except on or near a highway. See Act of May 1, 1929, P.L. 905, as amended, 75 PS §§639, 640. Appellant's rights were fully protected when the trial judge without qualification affirmed his point for charge, supra. It may be added that the provision of The Vehicle Code here involved is a penal one and should be strictly construed.

*Heath v. Klosterman*, 343 Pa. 501, 23 A. 2d 209, and *Greenberg v. McCusker*, 154 Pa. Superior Ct. 36, 35 A. 2d 81, principally relied upon by appellant to establish contributory negligence on the part of the plaintiff irrespective of the statute, are clearly inapposite. In those cases the plaintiffs either stood in the admitted main traveled portion of the highway or stepped directly in front of oncoming traffic and were injured as a result thereof. There is no statute or rule of law that forbids all use of a street by a pedestrian between crossings. In the instant case, no traffic was moving on that part of the street where appellee placed him-

self and all of the vehicles, including appellant's, were apparently parked. He was not struck by oncoming traffic but by appellant's truck which was allowed to drift backward into him without any warning or notice thereof having been given.

Judgment affirmed.