Joseph FERRAIOLO
v.
READING COMPANY.
Civ. A. No. 17123.

United States District Court
E. D. Pennsylvania.
Feb. 13, 1957.

Louis Samuel Fine, of Richter, Lord & Levy, Philadelphia, Pa., for plaintiff.

Richard P. Brown, Jr., of Morgan, Lewis & Bockius, Philadelphia, Pa., for defendant.

KIRKPATRICK, Chief Judge.

The plaintiff was injured when he slipped or tripped over a pile of snow about four inches high and eight inches long, between the defendant's tracks at its Bethlehem station. At the time, he was engaged in dragging a length of hose to water one of the defendant's locomotives. The accident happened at about 4:00 A.M. The snow which had been falling for about fifteen hours had ceased four hours before the accident, the total snowfall being 4.2 inches.

The case was tried to the Court with a jury and resulted in a verdict for the defendant.

■ The principal point raised by the plaintiff in this motion for a new trial is that the Court, in charging the jury, in effect, imported the doctrine of assumption of risk into the case. However, that doctrine denied a plaintiff's right to recover regardless of the defendant's negligence and it is perfectly clear that, in the portions of the charge complained of, the Court was not dealing with the plaintiff's right but with the defendant's duty. The duty which the Court was talking about was to use reasonable care to provide a reasonably safe place to work. The Court was not required to charge in a complete vacuum, and the defendant, accused of failing to provide a safe place, was entitled to have the jury reminded that, by the very nature of the business, there are dangers in the place in which railroad men have to work which cannot be entirely eliminated by any reasonable amount of effort and the existence of which does not import negligence. There was not the slightest suggestion that, if negligence on the part of the defendant should be found to exist, the inherently dangerous character of the plaintiff's employment as a railroad man would in any way affect his right to recover. See Justice Frankfurter's concurring opinion in Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610.

■ As to the photograph which the Court excluded. The admissibility of photographs is largely within the discretion of the trial judge. Lutz v. Allegheny County, 327 Pa. 587, 195 A. 1; Trexler Lumber Co. v. Allemannia Fire Ins. Co., 289 Pa. 13, 19, 136 A. 856; West v. Morgan, 345 Pa. 61, 63, 27 A. 2d 46. Possibly, it would not have been an abuse of discretion to receive the photograph in evidence, but the jury would have had to picture the night scene with the ground covered with snow and to use a good deal of imagination in order to form an idea of how much light there was when the accident happened. Certainly it was not an abuse of discretion to exclude the photograph nor would it constitute prejudicial error.

■ There was no evidence to support counsel's theory of negligence, based on the plaintiff's age, the weight of the hose and the time limit required for him to do the job. There was nothing to show that the work assigned to the plaintiff was too arduous for a 54 year old man, strong and in good health, and, in fact, the plaintiff himself did not testify that it was. Undoubtedly the hose, filled with water, was heavy, but the plaintiff was not required to carry it but merely to drag it with most of its length resting on the ground. No doubt, a man carrying or pushing or dragging almost any kind of burden is more likely to stumble or lose his balance than one who is merely walking along empty-handed, but that does not mean that there is any negligence involved in giving a

workman a job in which he has to carry a pail of water or push a wheelbarrow or to drag a length of hose.

The motion is denied.