Mutter v. Slaymaker, Appellant.

Argued April 25, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*John Field Oldt,* with him *Fox & Oldt,* for appellants.

*Edward J. Danser,* with him *Danser & Brose,* for appellee.

OPINION BY MR. JUSTICE EAGEN, June 26, 1961:

This suit in trespass was instituted to recover damages for personal injuries to the plaintiff due to the alleged negligence of the defendants. A jury trial resulted in a verdict in favor of the plaintiff in the amount of $16,549.50. The lower court denied the de-

fendant's motion for judgment non obstante veredicto and entered judgment upon the verdict. Defendants appealed.

It is argued that no actionable negligence was proven and that the plaintiff was guilty of contributory negligence as a matter of law. Both contentions are without merit.

The jury-winner is entitled to the benefit of every fact and inference of fact which may reasonably be deduced from the evidence: *Metro v. Long Trans. Co.,* 387 Pa. 354, 127 A. 2d 716 (1956). Viewed in this light, the evidence discloses the following: The plaintiff was resident-manager in a pretzel factory. At the time involved, he was awaiting delivery of a shipment of corrugated cartons necessary for the plant's production that day. These cartons were delivered by the corporate-defendants, Thoro System Waterproofing, Inc., and Ell-Jay Express, Inc., in a tractor-trailer operated by the defendant, Paul P. Slaymaker. The trailer was approximately 35 feet in length and the tractor about 10 or 12 feet. Deliveries to the factory were made at a loading dock situated in an areaway between two portions of the factory building. This passageway is 50 feet in length and slants slightly from the street to the dock. The loading dock is 3 feet from the ground. The bed of the trailer involved was 42 inches from the ground.

Immediately prior to the accident, the plaintiff was standing on the loading dock and saw the tractor-trailer back into the areaway and stop at a point where the rear axle of the trailer was approximately 10 feet distant from the dock. He was manager of the plant for seventeen years and frequently helped on the dock in the unloading of supplies. The practice continuously followed by operators of tractor-trailers in making deliveries was not to open the rear doors of the trailers, while still out on the street. This was because the

cargo would tend to fall out during the process of backing up and the doors, if opened and hooked to the side of the trailer, would obscure the rear view of the driver. Thus the drivers would always back the vehicle into the passageway, stop when the rear of the trailer would be approximately 10 feet from the dock, alight from the cab and proceed to the rear to open the doors. The space of 10 feet was required to conveniently accomplish the task of opening the doors since, if the trailer were too close to the dock, such would be impossible.

The tractor-trailer involved was equipped with air brakes regulated by an I.C.C. valve. When this valve was closed, the supply of air to the brakes was shut off and the brakes automatically locked. When this valve was opened, an outrushing of air caused a loud hiss easily audible in the immediate area. The plaintiff was fully conversant with this sound.

At the time of the delivery that morning, lying on the ground in front of the loading dock were two pieces of timber. These pieces of timber were used to block up or to shore up a steel plate which would be placed from the floor of the loading dock to the bed of the tractor-trailer in order to facilitate rolling a cart into the trailer. The tractor-trailer backed into the areaway and stopped. The doors of the tractor-trailer were closed. The plaintiff jumped to the ground and stood at the right rear corner of the trailer. He looked into the right-hand rearview mirror and saw Paul P. Slaymaker, the defendant, sitting in the tractor. The plaintiff yelled "hold it." He waited approximately 15-20 seconds to make sure the vehicle didn't move. He then bent to the ground in front of the loading dock and picked up one of the pieces of timber placing it on top of the loading dock. He glanced at the tractor-trailer again and seeing that the doors were still closed, walked across the back of the trailer, and bent to the ground to pick up the other piece of timber. While so bent,

he was crushed against the side of the loading dock by the rear of the trailer. There was no warning sounded, no horn was blown and there was no sound of escaping air from the air brakes indicating that they had been released, and the doors of the trailer were still closed.

Certainly, under the circumstances, the question of whether or not Slaymaker exercised reasonable prudence was a jury question. The jury could conclude that he, after first stopping, deliberately backed up the vehicle the remaining 10 feet without anyone to direct him, and without looking to ascertain if anyone were in the path, and in the absence of his giving any signal or warning. In *Lacaria v. Hetzel*, 373 Pa. 309, 310, 96 A. 2d 132 (1953), this Court aptly said: " 'Backing a motor vehicle any distance unless the driver is absolutely certain there is no person in his pathway involves a risk, as countless accidents on sidewalks and elsewhere resulting from that practice attest . . . the truck should have proceeded down the alley with more caution, and particularly its horn should have been sounded. The simplest, elementary caution should have dictated that. A man who backs a motor vehicle any distance when he cannot see what is behind him and has no one present to tell him what is behind him, is, figuratively speaking, taking a "leap in the dark," and to take such a leap . . . is to invite injury of one's self or of others. . . .' "

However, a more plausible explanation of Slaymaker's negligence is indicated. As stated above, the vehicle was equipped with air brakes. When the valve is opened, the brakes are released and this action is accompanied by an outrushing of air which causes an easily audible hissing sound. Also, when a truck is backing up, there is generally an acceleration of the motor which is loud enough to warn anyone in the near vicinity, that the truck is about to or is moving. The plaintiff testified that he did not hear any acceleration

of the tractor's motor, nor any release of air brakes, nor a sounding of the horn, which he would have heard if any occurred. Thus the defendant-driver failed to give any warning and the plaintiff failed to receive any warning that the truck was drifting toward him. It is a reasonable conclusion from this testimony that the I.C.C. valve was not properly set or regulated by the driver of the truck, and this caused the truck to drift backwards on the incline without any forewarning of its movement. That this is what happened is strongly evidenced by the fact that the doors of the trailer remained unopened as it backed right up against the dock. The facts in *Gyarmati v. Linde Air Products Co.*, 305 Pa. 188, 157 Atl. 485 (1931) are very similar to those at hand; therein the negligence and liability of the defendant were sustained.

Nor do the circumstances warrant the conclusion that the plaintiff was guilty of contributory negligence as a matter of law. To do this "requires evidence of contributory negligence which is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions": *Elbell v. Smith,* 357 Pa. 490, 494, 55 A. 2d 321 (1947). This is not such a case.

Should the plaintiff be required to anticipate the negligence of the defendant-driver in failing to properly adjust the brakes? Was the plaintiff required to anticipate that because of this negligence, of which he was not aware, that the trailer would suddenly roll back up against the dock without any warning being given and with its rear doors still closed? To us, the answers are self-evident.

In *Wagner v. Phila. Rapid T. Co.,* 252 Pa. 354, 359, 360, 97 Atl. 471 (1916), we stated, "The failure to anticipate negligence which results in injury is not negligence and will not defeat an action for the injury sustained. A party is not bound to guard against the want of ordinary care on the part of another; he has

a right to presume that ordinary care will be used to protect him and his property from injury. No one can complain of want of care in another where care is only rendered necessary by his own wrongful act." See *McFadden v. Pennzoil Company*, 341 Pa. 433, 438, 439, 19 A. 2d 370 (1941); *Plewes v. Lancaster*, 171 Pa. Superior Ct. 312, 317, 90 A. 2d 279 (1952); *Kline v. Kachmar*, 360 Pa. 396, 400, 61 A. 2d 825 (1948).

In *Rader v. Williamson*, 367 Pa. 397, 80 A. 2d 741 (1951), the defendant was operating a wrecker unit (truck) which he allowed to drift diagonally across the street and it came to a stop approximately fifteen feet from the plaintiff, who was standing on the curb. The plaintiff, seeing it stop, stepped off the curb into the street to hail a ride with an oncoming car which he thought was being driven by a friend. Realizing that the automobile was not being driven by his friend, he turned to return to the curb and was struck by the drifting truck. No horn was sounded, nor was any warning or indication given of an intention to permit the backward movement of the wrecker. This Court held that the question of contributory negligence was for the jury. In *Potter Title and Trust Co. v. Young*, 367 Pa. 239, 80 A. 2d 76 (1951), the plaintiff was injured by a cement truck which was backing up. We stated, at p. 246, "Nor could Jones properly be held guilty of contributory negligence as a matter of law. It was not shown that he had been standing on the highway next to the grader for any appreciable length of time before being struck; his purpose in stopping to talk to the operator was presumably proper and reasonable. He received no warning whatever of the oncoming of the truck; its tires passing over the concrete may have made little, if any, sound, especially to one momentarily absorbed in conversation." *Bennett v. Boney*, 367 Pa. 249, 80 A. 2d 81 (1951), also concerned a cement truck which ran over a person while backing up

and without warning, after he had seen it standing still a few minutes earlier. We again stated that the question of contributory negligence was for the jury. See also *Plewes v. Lancaster,* supra; *McFadden v. Pennzoil Company,* supra. *Peters v. Schroeder,* 290 Pa. 217, 138 Atl. 755 (1927), again involved a cement truck which ran over a workman engaged in his duties. No warning was given the workman of the approaching vehicle, which, upon nearing the place where the plaintiff was working, made a sudden and unexpected movement injuring the plaintiff. The Court ruled the question of contributory negligence was for the jury. In *Van Zandt v. Phila., B. & W. R. R.,* 248 Pa. 276, 281, 93 Atl. 1010 (1915), this Court said, "What is required of the workman is that he exercise care for his safety according to the circumstances. He knows he is occupying a place of great danger and his care must be commensurate with that danger. He is equally cognizant of the fact that he must perform faithfully the services required of him. Both obligations are resting upon him, and each must be met with a due regard to the other."

Finally, how was the plaintiff to know that the defendant-driver didn't properly set the brakes on his trailer? He couldn't tell by just looking at the rear of the trailer. Hindsight isn't the test of negligence or contributory negligence. " *'What would have been wise, simply in view of what is learned after an occurrence like this, is no criterion of care.* Failure to do some particular thing which might have prevented an accident, and which is brought to the attention of the party charged with carelessness for the *first time* only after the accident has happened, is not the test of negligence; the standard of proper care is the observance of prudence as the average prudent man observes it, by following the ordinary usage of his business' ": *Fuller v. Pennsylvania R. R. Co.,* 371 Pa. 330, 342, 343, 89 A. 2d

795 (1952).[1] *To hold that every workman is required to anticipate negligence of his fellow workmen which isn't observable, and of which he is appraised only just before or at the time of his injury, is clearly contrary to existing law.*

Judgment affirmed.

Mr. Justice BELL and Mr. Justice COHEN dissent.

---

[1] Emphasis supplied.