Farbacher *v.* Frank, Appellant.

Argued November 14, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent.)

*Jane L. Boucher*, with her *Herbert Grigsby*, and *Thomson, Rhodes & Grigsby*, for appellant.

*William A. Weiler*, with him *Glasso and Weiler*, for appellee.

OPINION BY WATKINS, P. J., April 3, 1974:

This is an appeal from the judgment of the Court of Common Pleas of Allegheny County, Civil Division, entered on a verdict entered in favor of the plaintiff-appellee and against the defendant-appellant in the amount of $15,000.00 in a trespass action; and from the order of the court en banc below denying the appellant's motion for a new trial and for judgment n.o.v.

Reading the evidence in the light most favorable to the appellee in whose favor the verdict was rendered, the facts are as follows:

On December 12, 1969, at or about 9:30 p.m., the appellee, John B. Farbacher, backed his car out of a vacant lot on Kittaning Street in Shaler Township, Pennsylvania. This street was on a grade between 30-45%. The appellee stopped the car at approximately the center line to talk to some boys. The appellant, Alan I. Frank, was proceeding down the hill in the opposite direction from the appellee in a westwardly direction and had a clear view of the area for some 300 feet. He proceeded down the hill with undiminished speed and struck the left side of the appellee's vehicle causing damage to the car and injuries to the appellee. A summary of all the testimony reveals that the appellant's automobile was between 300 and 400 feet away from the appellee's car when first he noticed it.

A review of this record discloses that the testimony concerning the appellee's negligence and the appellant's contributory negligence was conflicting so that the matter was for the jury and was properly submitted.

The appellant complains that the court erred in refusing to charge the jury on the "sudden emergency" doctrine. We do not agree. The facts indicate that there was no sudden emergency and also because the rule does not apply if the emergency arises through the prior negligence of the one seeking the protection of the rule. *Casey v. Siciliano*, 310 Pa. 238, 165 A. 1 (1933). Nor is it available to one whose negligence produces the emergency. *Kennedy v. Balogh*, 397 Pa. 638, 156 A. 2d 847 (1959). *Henry et al. v. Trabosh*, 224 Pa. Superior Ct. 372, 307 A. 2d 446 (1973).

The appellant also contends that the court below erred in failing to instruct the jury as to the application of 75 P.S. §1004 of the Pennsylvania Motor Ve-

hicle Code, the pertinent part of which reads as follows: "Upon all highways of sufficient width, except upon one-way streets, the driver of a vehicle shall drive the same upon the right half of the highway, and shall drive as closely as possible to the right-hand edge or curb of such highway, unless it is impracticable to travel on such side of the highway or unless the proper authorities have designated a different part of the highway as the proper lane of travel, and except when overtaking and passing another vehicle, subject to the limitations applicable in overtaking and passing set forth in this act: . . ."

A reading of the section clearly indicates the legislature intended it to apply to moving vehicles. In the instant case, the appellee's vehicle was and had been stopped at a point where the travel lane of the appellant was not so obstructed as to interfere with his passage.

Appellant also complains that the court below erred by charging the jury concerning 75 P.S. §803 of the Motor Vehicle Code which has to do with the maintenance of headlights. The court below charged as follows: "There is another provision of this Motor Vehicle Code that I have to call to your attention because there is evidence of, at least on the part of the defendant, that he was operating his vehicle as he was coming down this road with high beams, and he testified that he did not see this car until he was approximately 150 feet away from where the accident occurred. I shall, therefore, refer to the provision of the Motor Vehicle Code relating to the lights and the requirements of the law as to headlights on a car. This provision of the Motor Vehicle Code provides that the head lamp on a motor vehicle shall be so arranged that the operator may select at will between the direction of light projected to different elevations and a lamp may be in addition arranged so that the selection be-

tween different elevations can be made automatically, subject, however, to the following requirements of the Motor Vehicle Code:

"First, that there shall be an uppermost distribution of light or composition of beams so aimed and of such intensity so as to reveal a person or another vehicle at a distance of at least 350 feet ahead for all conditions of loading;

"Second, the Motor Vehicle Code provides that there shall be a lower distribution of light or composition of beam so aimed and of such intensity as to reveal a person or a vehicle at a distance of at least 100 feet ahead.

"Here, of course, it becomes relevant for you to consider what the defendant, under the circumstances here, should have been able to see. If he had, as he said, his car in high beam, and if his lights were in proper working condition he should have been able to pick up this vehicle at a distance of 350 feet, provided that, of course, he had a clear view of the road for that distance.

"Now, you will have, of course, on this point, the question of the bend in the road, whether or not this bend in the road persisted in such a long period of time or such a distance that he could not see this vehicle a distance of 300 feet traveling on the high beams as he said that he was.

"Now, this is a matter that you will have to determine, whether or not this provision of the Motor Vehicle Code has application or not, depends upon what you find to be from the facts and circumstances as to the condition of the road as this defendant came around the bend of this road."

We are unable to find error in this portion of the charge as it fairly and clearly presents an issue to the jury which did exist from the evidence presented. The appellant stated that he was proceeding down the hill

with his lights on high beam but did not see the appellee's vehicle over the center line until he was 75 feet away when the evidence indicates that it had been stopped in the position it was struck for some time prior to the collision and the appellant said he could see the scene from 500 feet away.

Next, the appellant argues that the court below erred in refusing to instruct the jury as to the application of 75 P.S. §1020 of the Motor Vehicle Code, which reads as follows: "(a) No person shall park or leave standing any vehicle or tractor, whether attended or unattended, upon the paved or improved or main traveled portion of any highway, outside of a business or residence district, when it is practicable to park or leave such vehicle or tractor standing off the paved or improved or main traveled portion of such highway: Provided, In no event shall any person park or leave standing any vehicle or tractor, whether attended or unattended, upon any highway, unless a clear and unobstructed width remains upon the main traveled portion of said highway opposite such standing vehicle or tractor shall be left for free passage of other vehicles or tractors thereon, nor unless a clear view of such vehicle or tractor may be obtained from a distance of five hundred (500) feet in each direction upon such highway: And further provided, No person shall park or stand any vehicle or tractor, whether attended or unattended, in any no parking area where official 'No Parking' signs have been erected in accordance with the provisions of Section 1115 of this act."

This section is palpably not applicable to the facts in this case as the appellee's vehicle was not parked in the context of the section and also sufficient roadway was available for the appellant to pass.

The appellant also complains of the admission by the court below of evidence of drug and medical expenses. Although the procedure followed in this case

in regard to bills for medical and drug expenses may not follow exactly the procedure indicated by textbooks, the jury was able to gleen the actual expenses from the testimony. The error at best was harmless and certainly not grave enough to warrant a new trial. The appellant had the opportunity to object to the doctor's bills and the court admitted Exhibit 8 excluding all items not directly related to the accident, as requested by the appellant.

The motion for judgment n.o.v., is without merit. "To [enter a judgment for the defendant, n.o.v.] 'requires evidence of contributory negligence which is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions.'" *Mutter v. Slaymaker*, 404 Pa. 369, 374, 171 A. 2d 779, 781 (1961).

The evidence in this case concerning the negligence of the appellant and contributing negligence of the appellee was conflicting so that the determination of the facts was for the jury. The jury decided in favor of the appellee.

Judgment affirmed.

———

DISSENTING OPINION BY SPAETH, J.:

I dissent on the ground that the trial judge committed reversible error in refusing to instruct the jury as to the application of §1020 of the Motor Vehicle Code, 75 P.S. §1020, quoted in the opinion of the majority, *supra*. Whether there was "sufficient roadway . . . available for the appellant to pass" was a question for the jury, aided by this statutory provision.