423 A.2d 731

**Daniel R. FAHRINGER**

**v.**

**Earl RINEHIMER and Donald E. Rinehimer d/b/a Riverview Vibrated Block Company, Appellants.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed Dec. 5, 1980.

94

Ralph E. Kates, III, Wilkes–Barre, for appellants.

Daniel Flannery, Wilkes–Barre, for appellee.

Before SPAETH, HESTER and CAVANAUGH, JJ.

SPAETH, Judge:

This appeal is from an order denying a motion for judgment n. o. v. or new trial. The action is for personal injury and was tried before a jury. Appellants argue 1) that the lower court erred by failing to find as a matter of law that appellee was precluded from recovery because of contributory negligence and assumption of the risk; 2) that they were unfairly prejudiced by the court's admission into evidence of a photograph of appellee's injury; and 3) that the verdict was excessive.

1

In considering a motion for judgment n. o. v. we must view the evidence, together with the inferences that may be drawn from it, in the light most favorable to the verdict winner, *Flickinger Estate v. Ritsky*, 452 Pa. 69, 305 A.2d 40 (1973); *Moyer v. Ford Motor Co.*, 205 Pa.Super. 384, 209 A.2d 43 (1965). Viewed in this light, the evidence may be stated as follows:

On the day of the accident appellee was employed by his brother as a crew leader at a construction site. Cement, which had been ordered from the company owned by appellant Donald Rinehimer, was delivered to the site in a truck driven by appellant Earl Rinehimer. The cement was to be used for footers for a garage that was being built about 50 or 60 feet back from a road. The garage site was at a higher elevation than the road, and the driveway from the road to the site had not yet been built. When the cement truck proved unable to back up the hill, it was agreed that a small bulldozer operated by appellee's brother would be connected by a chain to the truck in the hope that with the addition of the pulling power of the bulldozer the truck

would make it up the hill. Blocks were placed in front of the truck's rear wheels, and appellee and two others were stationed around the truck to remove the blocks once the truck started to move. Appellee testified that when the truck made a slight movement uphill he reached in to remove a block but all of a sudden the wheel began to spin in a forward direction, crushing his hand between the wheel and the block. Appellee argued to the jury that this sudden forward spin of the wheel could only have been the result of the truck driver's negligently putting the truck into forward rather than reverse gear. Consistent with this theory, appellee's brother testified that the truck moved forward with such force that the front of the bulldozer he was operating was pulled into the air. Appellant Earl Rinehimer testified that at no time did he put the truck into forward gear; he said the truck moved forward when he released the brake. It was, of course, the responsibility of the jury to choose between these conflicting versions of what happened, *Brandon v. Peoples Natural Gas Co.*, 417 Pa. 128, 207 A.2d 843 (1965), and it is apparent that it chose appellee's version, albeit by a vote of 10 to 2.

The question for us, then, is whether the lower court should have found as a matter of law that appellee was either contributorily negligent or had assumed the risk of his injury, given that the immediate cause of the injury was appellant Earl Rinehimer's negligently putting the truck into forward rather than reverse gear.

A plaintiff may not be found contributorily negligent unless it appears that he engaged in conduct that was both negligent and a legal cause of his injury. *Thompson v. Goldman*, 382 Pa. 277, 114 A.2d 160 (1955). Appellee argues that he was not negligent in using his hand to remove the block because, as one of appellants testified, it was standard practice to pull such a block out by hand. It is true that evidence that a worker has conformed to the standard practice of his trade is an indication of due care, *Gregorius v. Safeway Steel Scaffolds Co.*, 409 Pa. 578, 187 A.2d 646 (1963), but it is only an indication. However, regardless of whether or not appellee was negligent, he is not, on the facts

as found by the jury, barred from recovery, for his injury did not result from one of the hazards he was under a duty to foresee. Appellee was not injured because the truck rolled forward or because it backed up more rapidly than he expected. He was injured because one of appellants negligently put the truck into forward rather than reverse gear. Appellee was under no duty to anticipate that negligence. *Gregorius v. Safeway Steel Scaffolds Co., supra; Mutter v. Slaymaker,* 404 Pa. 369, 171 A.2d 779 (1961). The Restatement (Second) of Torts explains the difference between negligence and contributory negligence as follows:

> There is a difference to be noted between negligence and contributory negligence. Where the negligence of a defendant creates a risk of a particular harm, occurring in a particular manner, and the same harm is in fact brought about in another manner, through the operation of some intervening force which was not one of the hazards making up the original risk, the defendant normally is not relieved of responsibility by the intervention of the force, and is liable for the harm. (See § 442 A and Comments.) But where the negligence of the plaintiff creates a risk of a particular harm to him, occurring in a particular manner, and the same harm is in fact brought about by the intervention of a force which was not one of the original hazards, the plaintiff is not barred from recovery. This difference is to be attributed to the more restrictive attitude of the courts toward contributory negligence, as compared with negligence, and their tendency to confine it within somewhat narrower limits.

Restatement (Second) of Torts § 468, Comment c.

■ Assumption of risk is different from contributory negligence in that it focuses on the victim's voluntary choice to place himself at risk. *Elliott v. Philadelphia Transportation Company,* 160 Pa.Super. 291, 50 A.2d 537, *rev'd on other grounds,* 356 Pa. 643, 53 A.2d 81 (1947). However, the same restrictive attitude will be taken toward assumption of risk as toward contributory negligence. Thus, where the defendant's conduct involves more than one risk, the plaintiff will be held to assume only the risk that he appreciates, and not

the risk that he does not. Restatement (Second) of Torts § 496 c, Comment i. The jury in the present case could reasonably find that even if appellee assumed the risk of the truck rolling forward, he did not assume the risk that it would jerk forward because of being placed in the wrong gear.

### 2

The photograph that appellants say should not have been admitted into evidence was a color photograph of appellee's injured hand; it was taken by the attending physician very shortly after the accident. Appellants argue that the photograph was gruesome, and that it was unnecessary to upset the jury by showing it the photograph because appellee's injuries had been adequately described by the physician's testimony, and also because the existence of the injuries was not disputed. Appellants also argue that the photograph should not have been admitted immediately before their opening statement to the jury. This occurred, however, because the court had reserved its decision on the admission of the photograph. If the admission was otherwise proper, the timing of the admission was not so critical as to require a new trial.

 The admission of photographs into evidence is within the discretion of the lower court. *Nyce v. Muffley*, 384 Pa. 107, 119 A.2d 530 (1956); *Piso v. Weirton Steel Co.*, 235 Pa.Super. 517, 345 A.2d 728 (1975). Merely because a photograph is gruesome is not a reason to exclude it. *Commonwealth v. Dickerson*, 406 Pa. 102, 176 A.2d 421 (1962). The court must consider whether the evidentiary value of the photograph outweighs the danger that it will upset the jury. Even when a witness has described an injury, a photograph may still have evidentiary value in that it may make the description more intelligible. *West v. Morgan*, 345 Pa. 61, 27 A.2d 46 (1942).

 In this case the lower court's decision was a considered one. After reflection it admitted only one of the two photographs offered by appellee, and that one did not go out with the jury. No doubt the court might have

excluded both photographs, but we do not regard its decision to admit the one photograph as representing an abuse of discretion. The physician's description of the injury was in medical language, for example, "multiple jagged lacerations," "avulsion dislocations of the proximal interphalangeal joint," and so on. (R. 130a) It is true, as appellants point out, that in response to questioning by appellee's counsel, the physician translated this language into everyday speech; thus he explained, for example, that "the right thumb was taken off." (*Id.*) Nevertheless, the lower court could reasonably find that the jury would be helped to understand the nature and extent of the injuries if it were to see the one photograph. The court could also reasonably find that this evidentiary value of the photograph was not outweighed by its gruesomeness. The sight of a mangled hand is distressing, but given the many more distressing sights we see, not, we think, so distressing that the lower court was obliged to decide that the jury would be rendered incapable of making a dispassionate decision. *Cf. Piso v. Weirton Steel, supra* (serious burns covered 35% of plaintiff's body; treating physician's colored slides admitted).

### 3

■ The grant of a new trial on the ground that the verdict was excessive is within the discretion of the lower court. *Hall v. George*, 403 Pa. 563, 170 A.2d 367 (1961). Where, as here, a jury verdict in a personal injury case has been approved by a court en banc we will not find abuse of discretion unless the verdict is "so grossly excessive as to shock our sense of justice," *Kane v. Scranton Transit Co.*, 372 Pa. 496, 501, 94 A.2d 560, 563 (1953), *quoting, Mashinsky v. Philadelphia*, 333 Pa. 97, 106, 3 A.2d 790, 795 (1939). *See also Robert v. Chodoff*, 259 Pa.Super. 332, 393 A.2d 853 (1978); *Skoda v. West Penn Power Co.*, 411 Pa. 323, 191 A.2d 822 (1963).

■ The verdict here was $120,000. At the time of the accident appellee was a 31 year old right–handed construction worker. As a result of the accident he lost the thumb and the index and little fingers of his right hand, and the

hand itself was damaged. His physician testified that he had lost 80 to 90% of the use of the hand. At the time of the accident and afterwards appellee suffered great pain. At trial he testified that his hand was still extremely sensitive. The direct costs of medical treatment and lost wages were in total $10,161.50.

On these facts, a verdict of $120,000 does not "shock our sense of justice." Appellants argue that appellee was earning more at the time of trial than he had been at the time of the accident, but this argument has no merit, for the test is not loss of earnings but loss of earning capacity. *Mazi v. McAnlis*, 365 Pa. 114, 74 A.2d 108 (1950). Appellants also argue that the verdict did not take into account appellee's contributory negligence. This argument is not only without merit but involves a misstatement of the law as it was when this cause of action arose. If the jury had found contributory negligence on appellee's part, he would have been completely barred from recovery. Comparative negligence principles are not to be applied in any case where the cause of action arose before September 7, 1976, regardless of when the case is tried. *Costa v. Lair*, 241 Pa.Super. 517, 363 A.2d 1313 (1976).

Affirmed.