MILLER, P.J.,
In a suit by an employee against a third person, are the employer’s rules for the conduct of the enterprise admissible on the standard of care required by the employee under the particular circumstances in determining whether or not the employee was contri-butorily negligent?
BACKGROUND
Robert D. Buckeye was injured in an automobile accident that occurred when á PennDOT truck he was operating made a left-hand turn at or about the same time that Michael J. Parenti was approaching the truck from the rear and starting to pass it.
In the new matter which defendants included in their answer they alleged, inter alia, that Mr. Buckeye failed to comply with his employer’s rules and regulations as to stopping of PennDOT vehicles and working along roadways (Answer 27(f)).
Plaintiffs filed preliminary objections alleging, inter alia, that the allegation contained in paragraph 27(f) of defendants’ answer and new matter should be stricken as being impertinent and irrelevant.
*643 DISCUSSION
Defendants maintain that in determining whether Mr. Buckeye was himself negligent we must determine if he acted as a reasonably prudent person under the circumstances then and there existing. Mr. Buckeye’s employer’s rules and regulations either create a standard of care or are part of a larger standard of care. In deciding how a reasonably prudent person would act under the circumstances, the circumstances in which Mr. Buckeye was operating included his employer’s work rules and regulations.
The specifics of the work rules and regulations are not important at this point. However, it is alleged that PennDOT operations manuals or standards regarding emergency repair of potholes require certain advance warnings, signs and notices.
In support of their argument defendants cite Norton v. Railway Express Agency Inc., 412 F.2d 112 (1969); Dallas V. F.M. Oxford Inc., 381 Pa. Super. 89, 552 A.2d 1109 (1989), alloc, den., 563 A.2d 498; and Walsh v. Miehle-Goss-Dexter Inc., 378 F.2d 409 (1967). Those cases are not applicable here.
In Norton, supra, the plaintiff was injured when he was taking a barrel down a narrow stairway with a dolly, with the help of an employee of the defendant. Custom and practice should have been considered by the jury to establish the standard of care to which the party charged with a wrongful act would be required to conform.
In Dallas, supra, the custom and practice within the elevator industry was admissible on the issue of whether or not the elevator that caused the specific harm should have had a photoelectric safety device.
*644 In Walsh, supra, the plaintiff was an employee who sued the manufacturer of a machine he was working on. Custom and usage were relevant and material to the issue of contributory negligence.
These cases are distinguishable because they involve the applicability of custom and practice, not the rules and regulations of an employer, as to an employee’s standard of care. In Norton and Dallas, supra, the practice and custom is not applied to the conduct of the injured party, but to whether or not the tort-feasor was negligent.
This case is governed by West v. Morgan, 345 Pa. 61, 27 A.2d 46 (1942). The facts are surprisingly similar. In West a highway department worker, who apparently did not put up all of the warning signs required by the department’s safety manual, was working at the rear of a highway truck that was engaged in removing streetcar rails from the center of the road. He was struck when the defendant’s truck swerved to miss the highway truck and struck the plaintiff as the plaintiff was trying to escape.
Our Supreme Court stated:
“In suits against an employer, brought either by an employee or by a third person, it may be proper in some cases to admit rules and regulations adopted by the employer for the conduct of the enterprise as furnishing some evidence of the employer’s own belief, or constituting an implied admission, as to the standard of care required under the particular circumstances; there is no ground, however, for the admissibility of such evidence and actions by an employee against the third person. Moreover, it is clear in the present case that the failure to place the caution sign at a greater distance or to station a flagman did not contribute as a causal factor to the happening of the accident.” West, supra.
*645 Therefore, plaintiffs’ preliminary objections are well taken. Defendants’ request to amend their new matter should be denied.*

 Defendants have already admitted that paragraph 27(e) of their new matter is not proper and have, in their brief, consented to the removal of that subparagraph.